IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTON WILLIAMS, BRANDON HERNDON, MARKUS TOLSON, JEFFREY FLOWERS, BROOKE CLUSE, VVONAKA RICHARDSON, and VERA DIXON on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., STATE FARM LIFE INSURANCE CO., STATE FARM FIRE AND CASUALTY CO., STATE FARM GENERAL INSURANCE CO., and STATE FARM BANK, F.S.B.,<br><br>Defendants. | Case No. 1:20-cv-01121-FUV<br><br>Honorable Franklin U. Valderrama |

**STATE FARM DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

Defendants State Farm Mutual Automobile Insurance Co., State Farm Life Insurance Co., State Farm Fire and Casualty Co., State Farm General Insurance Co., and State Farm Bank, F.S.B. (collectively, "State Farm" or the "Company") hereby move to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, State Farm states as follows:

1. Plaintiffs Alton Williams ("Williams"), Brandon Herndon ("Herndon"), Markus Tolson ("Tolson"), Jeffrey Flowers ("Flowers"), Vvonaka Richardson ("Richardson"), and Vera Dixon ("Dixon") are former independent contractor State Farm Agents. Plaintiff Brooke Cluse ("Cluse") is a current independent contractor State Farm Agent. On February 14, 2020, Plaintiffs Williams, Herndon and Tolson filed an initial Complaint against State Farm, alleging claims for

intentional discrimination and retaliation pursuant to 42 U.S.C. § 1981. (Dkt. 1.) On July 6, 2020, State Farm moved to dismiss the Complaint. (Dkts. 23, 24.) Plaintiffs did not respond to State Farm's motion to dismiss, and on September 18, 2020, filed an Amended Complaint (Dkt. 31), adding Plaintiffs Flowers, Cluse, Richardson and Dixon, asserting two causes of action: race discrimination in violation of 42 U.S.C. § 1981 (Count I) and retaliation in violation of 42 U.S.C. § 1981 (Count II).

2.  Even assuming for purposes of this motion the truth of the non-conclusory allegations in the Amended Complaint, Plaintiffs' claims are without merit, and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3.  First, Plaintiffs have not stated a viable claim of intentional race discrimination pursuant to § 1981 as they have not plausibly alleged either an intent to discriminate by State Farm or "but for" causation. Plaintiffs' conclusory allegations are not entitled to be taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the factual allegations that they do offer are too vague to establish a claim of intentional discrimination, let alone the complex, company-wide discrimination theory advanced in the Amended Complaint. *Id.* at 678-79; *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 887 (7th Cir. 2012). Moreover, Plaintiffs' theory is fundamentally implausible given State Farm's obvious financial interest in the success of all of its independent contractor Agents.

4.  The Complaint also fails to state a claim under § 1981 for race discrimination because it fails to allege "but for" causation as required under the pleading standard established by the Supreme Court in *Comcast Corp. v. Nat'l Ass. Of African American-Owned Media et al.*, 140 S.Ct. 1009 (2020). Plaintiffs Williams, Herndon and Tolson each admit that their Agent Agreement with State Farm was terminated for cause. Plaintiff Flowers admits that he voluntarily

left the Company. Platintiffs Richardson and Dixon were TICA Agents, and their Agreements expired by their terms at the end of one year. On these facts, none of these Plaintiffs can plausibly allege or establish that their race was the reason for termination of their Agent Agreement. And Plaintiffs' claim that the Company's audit and compliance evaluations of their Agencies were racially movitvated is not plausible given the hihgly regulated nature of the insurance industry and State Farm's legitimate need to ensure that its Agents are operating in compliance with the terms of their Agent Agreements.

5. The Complaint also fails to state a claim under § 1981 for retaliation because it fails to plausibly allege that Plaintiffs were retailiated against as a result of protected activity. First, Plaintiffs have not adequately alleged that audit and investigation of their Agencies constituted an adverse action subject to protection. Second, Plaintiffs have failed to adequately allege a nexus between any alleged protected action and the alleged adverse actions.

6. Finally, the four-year statute of limitations for § 1981 claims bars much of Plaintiffs' claims. Plaintiffs Williams, Herndon, Tolson, Flowers and Cluse all became a State Farm Agent prior to February 2016 and thus, any claims pursuant to § 1981 relating to assignement of their Agency territory or Policy assignment are time-barred. Similarly, the myriad of other allegedly discriminatory acts alleged by these Plaintiffs are not alleged to fall within the relevant time frame and thus, are time barred.

7. The Company submits the accompanying Memorandum and Exhibits in further support of this Motion.

WHEREFORE, State Farm requests that the Court dismiss Plaintiffs' Complaint in its entirety.

Dated: November 9, 2020            */s/ Patricia Brown Holmes*

                                                                         Patricia Brown Holmes
                                                                         Joseph A. Cancila Jr.
Sondra A. Hemeryck
Amy C. Andrews
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
312-471-8700

Michael A. Warner Jr.
Erin Fowler
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606

*Counsel for State Farm Mutual Automobile Ins. Co., State Farm Life Ins. Co., State Farm Fire & Casualty Co., State Farm General Ins. Co., and State Farm Bank, F.S.B.*

## **CERTIFICATE OF SERVICE**

Amy C. Andrews, an attorney, hereby certifies that on November 9, 2020, she caused the foregoing document and memorandum and exhibits submitted in support thereof to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                                                  */s/ Amy C. Andrews*
                                                  Amy C. Andrews
                                                  RILEY SAFER HOLMES & CANCILA LLP
                                                  70 W. Madison St., Suite 2900
                                                  Chicago, IL  60602
                                                  312-471-8700