IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTON WILLIAMS, BRANDON HERNDON, MARKUS TOLSON, JEFFREY FLOWERS, BROOKE CLUSE, VVONAKA RICHARDSON, and VERA DIXON on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., STATE FARM LIFE INSURANCE CO., STATE FARM FIRE AND CASUALTY CO., STATE FARM GENERAL INSURANCE CO., and STATE FARM BANK, F.S.B.,<br><br>      Defendants. | Case No. 1:20-cv-01121-WUV<br><br>Honorable Franklin U. Valderrama<br><br>Honorable Sunil R. Harjani |

**REPLY IN SUPPORT OF
THE STATE FARM DEFENDANTS' MOTION TO PHASE DISCOVERY**

**TABLE OF CONTENTS**

I. STATE FARM'S MOTION IS PROCEDURALLY PROPER. ................................... 2

II. THERE IS NO PROHIBITION AGAINST ASSESSING INDIVIDUAL CLAIMS BEFORE RULING ON CLASS CERTIFICATION. ...................................................... 3

III. STATE FARM HAS ESTABLISHED THAT PHASING DISCOVERY IS WARRANTED HERE. ............................................................................................................ 6

    A. Plaintiffs Will Not Be Prejudiced by a Phasing of Discovery. .......................... 6

    B. State Farm's Proposal Does Not Unnecessarily Complicate This Case or Burden the Court. ...................................................................................... 11

IV. PLAINTIFFS' SUPPLEMENTAL SUBMISSION CONFIRMS THAT A PHASED DISCOVERY APPROACH IS WARRANTED. ......................................................... 12

    A. Plaintiffs' Proposed Class Wide Discovery. ................................................... 12

    B. Plaintiffs' Proposed Individual Discovery. ..................................................... 15

    C. Defendants' Proposed Discovery Plan. ........................................................... 15

CONCLUSION .................................................................................................................. 15

State Farm filed this motion seeking an order phasing discovery to focus on the individual Plaintiffs' claims of discrimination and retaliation. As explained in State Farm's opening motion and brief (Dkts. 75 ("Mot."), 76 ("Mem.")), State Farm is prepared to promptly move forward with discovery into Plaintiffs' individual claims, thereby allowing the parties to examine the merits of these claims, and whether they can survive summary judgment, as well as assess whether the claims of the Plaintiffs as a whole contain a sufficient link or commonality to allow this matter to proceed as a class action. When assessed in its entirety, and in conjunction with State Farm's pending motion to strike the class action allegations (Dkts. 70, 71), it is clear that State Farm's proposal of phased discovery balances the requirements of Rules 23(c)(1)(A) and 26(b)(1), does not unduly prejudice Plaintiffs, simplifies the issues before the Court, and reduces the burden of litigation on the Parties and the Court.

Plaintiffs opposed State Farm's motion, first asserting that "if the Court is inclined to consider Defendants' proposal" then "all discovery should be stayed during the pendency of Defendant's Motion to Strike Class Allegations." Dkt. 85 ("Opp.") at 14. However, after the Court ordered Plaintiffs to supplement its response and identify the discovery it would propose in the following scenarios: (a) class certification discovery only; (b) merits discovery only; and (c) no phased discovery (Dkt. 89), Plaintiffs reversed course, taking the position that if State Farm's motion is granted, both individual and class certification discovery is on the table (presumably hoping to convince the Court to revert to Plaintiffs' original proposal of bifurcation (*see* Joint Status Rep. (Dkt. 69) at 4-6)). Dkt. 101 ("Supp. Opp."), Ex. 1. At base, Plaintiffs contend that because they have merely *alleged* class claims, they are entitled to fulsome class discovery, and would be so entitled even if the Court grants State Farm's motion and limits discovery to their individual claims. But courts in this Circuit routinely reject such *ipse dixit* arguments, and require

far more than the divergent individualized facts that Plaintiffs have alleged here to "unlock" the gates to burdensome class discovery. Nor do they permit the wide-ranging "class" discovery that Plaintiffs seek in furtherance of such individualized claims. And the company-wide discovery proposed by Plaintiffs would not even inform the class certification decision in any event, for it does not answer the question of whether there is the linkage or "glue" necessary to proceed as a class.

As discussed more fully below, good cause exists to grant State Farm's request to phase discovery while the motion to strike the class action allegations is pending, and the Court should adopt State Farm's discovery proposal.

### I. STATE FARM'S MOTION IS PROCEDURALLY PROPER.

Plaintiffs assert in their opposition that State Farm's motion to phase discovery is improper for supposedly failing to comply with the Local Rules and for seeking to structure discovery in this matter contrary to what Plaintiffs deem to be the "standard" approach. Opp. at 3-4, 7-8. Plaintiffs are wrong on both counts. First, contrary to Plaintiffs' claim, State Farm's motion contained a statement regarding the Parties' efforts to resolve the issue as required by LR 37.2. *See* Mot., fn. 1. Moreover, State Farm did raise the issue of phased discovery with Plaintiffs as part of the Rule 26(f) planning process—the Parties' Joint Status Report explicitly notes their differing views about discovery and whether class discovery is warranted at this juncture, as well as Defendants' intent to file a motion to strike the class allegations. Dkt. 69 at 5-8. Given the Parties' inability to reach resolution on the scope of discovery, the Plaintiffs' insistence that extensive class discovery precede merits discovery (*id.* at 3), and the pending motion to strike the class allegations, Defendants were certainly entitled to seek the Court's assistance in determining the proper approach. *Sattar v. Motorola, Inc.*, 138 F. 3d 1164, 1171 (7th Cir. 1998) ("[D]istrict

2

courts have broad discretion in matters related to discovery.") (citation omitted); *see also* Fed. R. Civ. P. 26(b) and (c).

Second, there is nothing remotely improper about State Farm's challenge to proceeding with this matter as a class action, and by extension, its request to defer class wide discovery until that challenge is resolved. As noted in State Farm's opening brief, the Court's ruling on Defendants' motion to dismiss said nothing about the propriety of maintaining this action on behalf of a class, but rather simply held that Plaintiffs had alleged enough to allow their individual claims of discrimination to proceed. *See generally* Dkt. 57. But with those claims moving forward, and into discovery, State Farm properly put before the Court the question of whether these individualized claims are susceptible of adjudication on a class wide basis (Fed. R. Civ. P. 23(c)(1)(A), 23(d)(1)(D)), and relatedly, how the Parties should proceed with discovery at least while that question is resolved.[1]

## II. THERE IS NO PROHIBITION AGAINST ASSESSING INDIVIDUAL CLAIMS BEFORE RULING ON CLASS CERTIFICATION.

Plaintiffs' opposition to State Farm's phased discovery motion (and motion to strike the class action allegations) rests largely on their assertion that the "general rule" in class action litigation is that class discovery proceeds before merits discovery. Opp. at 4, 6, 12-14; *see also* Dkt. 103 at 3 (hyperbolically characterizing State Farm's two pending motions as "procedural chicanery" and "gamesmanship"). But there is no one-size-fits-all approach to complex class action litigation, and courts are empowered under the Federal Rules of Civil Procedure to craft

---

[1] Plaintiffs also argue that State Farm failed to address the standards for bifurcation of discovery into class and merits phases. Opp. at 5. As an initial matter, because State Farm has sought to strike the class allegations, bifurcation is inapposite; thus, State Farm's motion properly seeks a sequencing of discovery, and addressed the standards for such relief. Mem. at 6. In any event, State Farm also referenced the standards for bifurcation (*id.*), and those that arguably could apply (namely, expediency and economy) were encompassed in the discussion in State Farm's supporting brief. *Id.* at 10-14.

3

case management plans that "permit the orderly and efficient development of the case." Manual for Complex Litigation (Fourth), § 21.11; *see also* Fed. R. Civ. P. 1 (purpose of rules is to enable courts to ensure the "just, speedy, and inexpensive determination of every action and proceeding"). This inherent flexibility includes the power to prioritize merits discovery and motions for summary judgment before addressing the question of class certification. *See* Fed. R. Civ. P. 23(c)(1)(A) 2003 Amendments ("Other considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified."); McLaughlin on Class Actions § 3:3 ("It is well established that nothing in Rule 23 precludes a district court from exercising its discretion to address the merits of the putative class' claims … on a defendant's motion for summary judgment before addressing class certification."); Manual for Complex Litigation (Fourth), § 21.11 (noting that "[b]efore ruling on class certification, a judge should address … at an early stage in the case … [w]hether to hear and determine threshold dispositive motions … [including] motions for summary judgment…."). In short, there is ample precedent for the approach proposed by State Farm,[2] and it makes perfect sense under the circumstances presented by this case.

Moreover, none of the case law cited in Plaintiffs' opposition regarding the "general rule" dictates a different conclusion. In *Quinn v. Specialized Loan Servicing, LLC*, 321 F.R.D. 324

---

[2] In its opening brief, State Farm cited several cases in which this exact procedure was followed. Mem. at 10-12, including *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937 (7th Cir. 1995). In opposition, Plaintiffs assert that *Cowen* is an "inapplicable exception" "largely pulled from consumer protection caselaw" Opp. at 12, but then cite *Wiesenmueller v. Kosobucki*, 513 F.3d 784 (7th Cir. 2008), a discrimination case in which a summary judgment motion was decided prior to class certification. There, the Seventh Circuit reversed, not because the motion practice was improper, but because the district court failed to evaluate whether Rule 23 could be satisfied. 70 F.3d at 787. No such concern exists here given State Farm's pending motion to strike the class action allegations. Plaintiffs also repeat their assertion that summary judgment would not end the case, as they could find another representative (Opp. at 12), but fail to engage with State Farm's arguments as to why that position is without merit (Mem. at 11, n.2).

(N.D. Ill. 2017), the court denied defendant's motion to phase discovery. However, in that case—unlike here—defendant had not raised a challenge as to whether a class could ever be certified; instead, it simply sought to defeat the named plaintiff's claim on the merits. 321 F.R.D. at 326-27. And, in *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198 (N.D. Ill. 2018), a 10b-5 action, defendant sought either a stay or a bifurcation of discovery while its motion for reconsideration of denial of its motion to dismiss was pending. Both cases are inapposite, however, for in neither did the Defendant challenge whether a class could be certified at all. Taken together, these cases merely stand for the unremarkable proposition that the class certification decision must be made at "an early practicable time," *Beezley*, 328 F.R.D. at 202 (citing Rule 23(c)(1)(A)), and turns not on the merits of the underlying claims, but on whether the prerequisites of Rule 23 are satisfied, and a party opposing class certification cannot use the former to defeat the latter. *Quinn*, 321 F.R.D. at 326. State Farm in contrast, by way of its motion to strike, has challenged whether Rule 23 can be satisfied by these Plaintiffs (or any others). And by way of this motion, State Farm has asked the Court to sequence discovery consistent with that challenge; namely, by prioritizing merits discovery of the claims of the individual Plaintiffs while the class certification issue remains unresolved.

Finally, Plaintiffs' repeated insistence that the "general rule" should apply, and that this case should proceed as a "typical" employment discrimination case, does not make it so. Indeed, in their submissions, Plaintiffs have utterly failed to engage with the central argument of Defendants' challenge to maintaining this action as a class action. It is not, as Plaintiffs assert, that no intentional discrimination claims can be adjudicated on a class wide basis. Opp. at 8. Rather, it is that this case—as confirmed by Plaintiffs' own allegations—is fundamentally, and fatally, different from such cases. Notably absent from their opposition and supplemental

5

submission is any explanation of how the cases that they cite are remotely similar to the seven individual discrimination claims mashed together in the present case. And as discussed more fully below, these differences are meaningful, and justify not only the phased discovery proposed by the instant motion, but also the relief sought in the pending motion to strike.

### III. STATE FARM HAS ESTABLISHED THAT PHASING DISCOVERY IS WARRANTED HERE.

State Farm's opening brief established that analysis of the three factors relevant to a request to phase discovery—prejudice, simplification, and burden—weighed in favor of prioritizing merits discovery, and detailed the extensive discovery that would be permitted should the Court grant the motion. In opposition, Plaintiffs assert that granting Defendants' motion would hinder their ability to obtain class certification related discovery, thereby prejudicing them and the class they seek to represent (Opp. at 7-9); would increase the discovery necessary at this stage of the litigation, and thus, would not simplify the issues before the Court (*id.* at 9-12); and would require resolution of multiple claims and disputes, thereby increasing the burden on the Court (*id.* at 12-14). Plaintiffs misstate the nature of State Farm's proposal, as well as the discovery applicable to their claims. Far from establishing that State Farm's motion should be denied, Plaintiffs' broad-brush assertions confirm the need for a careful discovery management plan, and the reasonableness of State Farm's proposed approach.

#### A. Plaintiffs Will Not Be Prejudiced by a Phasing of Discovery.

Plaintiffs argue that granting Defendants' motion would somehow prejudice them procedurally, by delaying the class certification issues, and substantively, by denying them the ability to proceed under a pattern or practice theory of discrimination. Both assertions are unfounded.

##### 1. Phasing Discovery Will Not Cause a Delay of Discovery, and Thus, Plaintiffs Have Not Shown Procedural Prejudice.

Phasing discovery will cause no delay. As an initial matter, State Farm has not proposed a discovery stay. Indeed, State Farm's motion detailed the extensive discovery it envisioned as part of the initial phase. Mem. at 7-10. Because there is no request for a stay of discovery, the case law cited by Plaintiffs regarding stays—*Robinson v. Walgreen Co.*, No. 20 CV 50288, 2021 WL 2453069 (N.D. Ill. June 16, 2021) and *In re Morning Song Bird Food Litig.*, 320 F.R.D. 540 (S.D. Cal. 2017)—is entirely inapposite.

Moreover, Plaintiffs have not established that State Farm's proposal would cause procedural delay. Indeed, the opposite is true. With respect to the named Plaintiffs, State Farm has proposed *prioritizing* discovery into the merits of the claims of each individual Plaintiff, giving them the opportunity to have their claims fully vetted and promptly litigated. Plaintiffs simply ignore this aspect of State Farm's proposal.

As for the putative class members, Plaintiffs argue that Defendants' proposal delays the class certification decision and prevents Plaintiffs from obtaining the discovery they need to prepare their motion for class certification. Neither assertion is accurate. The pending motion to strike class allegations puts the issue of whether these highly individual claims could ever proceed on a class wide basis squarely before the Court. Should the Court determine that no class can be maintained, the putative class members will have the benefit of an early resolution of that issue. Moreover, State Farm's initial motion to phase discovery made clear that individual merits discovery would be relevant to the questions of commonality and predominance (Mem. at 9), and thus would enable the Parties to promptly address class certification questions should the motion to strike class allegations be denied. *Id.* at 9-10.

Nor do Plaintiffs establish procedural prejudice by way of their argument that State Farm's pending motion to strike the class action allegations is "without merit." Opp. at 7. As an initial

7

matter, the motion to strike remains pending before Judge Valderrama, briefing on that motion has been extended on multiple occasions at Plaintiffs' request, and thus, no determination has been made as to the merits of that motion. Furthermore, Plaintiffs incorrectly characterize Defendants' motion to strike as asserting that a class can never be certified in a disparate treatment/intentional discrimination case. Opp. at 8. State Farm acknowledges that class actions have been certified for claims of intentional discrimination; however, its argument is that those claims are fundamentally different from those at issue here. A review of the case law cited by Plaintiffs makes clear that such is the case:

- *Int'l Broth. of Teamsters v. United States*, 431 U.S. 324 (1977): Title VII case brought by government challenging hiring practices that were applied to all potential employees.
- *Chicago Teachers Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426 (7th Cir. 2015): court held that commonality existed because plaintiffs challenged a single, objective decision which provided the necessary "glue" post *Dukes*.
- *Lucas v. Vee Pak, Inc.*, 68 F. Supp. 3d 870 (N.D. Ill. 2014): court declined to strike class allegations because plaintiffs challenged a single, uniform hiring process to which they were all subjected.
- *Warnell v. Ford Motor Co.*, 189 F.R.D. 383 (N.D. Ill. 1999): sexual harassment claims certified because all class members worked at the same facility and were subjected to the same allegedly harassing behavior.

Plaintiffs fail to engage with the fundamental differences between the foregoing cases—which challenged uniform policies, equally applied to all putative class members—and this one, which involves seven radically differently situated individuals with differing claims. *See* Mem. at 4-5; *see also Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 352 (2011) ("Without some glue holding the alleged *reasons* for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I disfavored*.") (emphasis in original); *Van v. Ford Motor Co.*, 332 F.R.D. 249, 273 (N.D. Ill. 2019) ("In order to bring otherwise highly individualized claims as a class, the class must establish systemic violations or an illegal policy.").

8

In short, there simply is no procedural prejudice associated with State Farm's discovery phasing proposal.

> **2. Plaintiffs Have Not Established That This is a "Pattern and Practice" Case and Thus, There is No Substantive Prejudice to Deferring Class Discovery.**

Plaintiffs have also not established that phasing discovery would cause them any substantive prejudice. Their primary argument is that because they have alleged a "pattern and practice" of discrimination, they are entitled to proceed with a presumption of discrimination and rely upon statistical evidence to establish the asserted pattern and practice. Opp. at 8-9; *see also* Supp. Opp. at 1, 4. However, a class member in a "pattern and practice" claim brought as a private class action is entitled to a presumption of discrimination ***if and only if***: (1) the class first meets all the requirements for certification under Rule 23, and (2) the plaintiffs establish by a preponderance of the evidence that the defendant "regularly and purposefully discriminates against a protected group." *Van*, 332 F.R.D. at 274; *see also Teamsters*, 431 U.S. at 336; *Dukes*, 564 U.S. at 352 n.7; *Koehler v. Infosys Tech. Ltd., Inc.*, No. 13-cv-885-pp, 2022 WL 4234946, at *6 (E.D. Wisc. Sept. 14, 2022) ("[H]aving alleged pattern-or-practice claims, the plaintiffs first must prove a *prima facie* case, which requires them to prove by a preponderance of the evidence that the defendants had a system-wide policy or practice of discrimination.").[3] Until Plaintiffs make that showing, they are entitled to ***no*** presumption either that class certification is appropriate or that there is a "pattern and practice" of discrimination that would establish the intent necessary for the individual class members to prevail on their individual § 1981 claims.

---

[3] If the *Teamsters* presumption is established, plaintiff must still establish the elements of the specific cause of action pled. *Van*, 332 F.R.D. at 275; *Doe 1 v. City of Chicago*, No. 18 C 3054, 2020 WL 1166222, at *3 (N.D. Ill. Mar. 11, 2020) (proof of a pattern and practice "cannot relieve the plaintiff of the need to establish each element of his or her claim") (citing *Chin v. Port Auth. of New York and New Jersey*, 685 F.3d 135, 148 (2nd Cir. 2012).

Plaintiffs assert that "they filed this case as a class action because they were all harmed by the same racially discriminatory policies and pattern or practice of race discrimination by State Farm and elected to proceed under the *Teamsters* pattern or practice theory." Supp. Opp. at 4. But Plaintiffs' conclusory assertion that they were harmed by the "same" policies is belied by the very allegations in their Amended Complaint, which refer to various situations relating to differing aspects of their independent contractor relationship, vastly different facts and circumstances, different locations and time frames, different decision makers, and a variety of types of decisions that impacted each Plaintiff. These allegations conclusively contradict their broad-brush assertion that they were each harmed by the "same" unspecified policies and practices. Mem. at 4-5; *see also Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 424 (N.D. Ill. 2003) ("[A] decentralized … procedure, which allows decisionmakers to consider subjective factors, supports individual claims of discrimination but cuts against the assertion that an employer engages in a pattern or practice of discriminat[ion] as a standard operating procedure."). At a minimum, before Plaintiffs proceed with discovery on their broad, conclusory "class wide" pattern and practice allegations, they must identify some actual factual support for their assertion that each putative class member was impacted by the "same" policy or practice.[4] This can be done by focusing discovery on the individual Plaintiffs, each policy that they challenge as discriminatory, the manner in which decisions are made pursuant to each challenged policy, and the specific decisions that impacted them (precisely the discovery State Farm proposes as part of the initial phase (Mem. at 7-10)). *See Van*, 332 F.R.D. at 279 (pattern and practice theory requires "'significant proof' that Defendant acted under a general policy that manifested itself in the same general fashion" against each class

---

[4] The case law cited by Plaintiffs regarding pattern and practice cases demonstrates that such is the case. *See King v. General Elec. Co.*, 960 F.2d 617 (7th Cir. 1992) (ADEA case in which plaintiffs challenged as discriminatory a company-wide reduction in force to which they were all subjected); *Bell v. E.P.A.*, 232 F.3d 546 (7th Cir. 2000) (Title VII case challenging a common hiring practice applied to all plaintiffs).

10

member) (citing *Dukes*, 564 U.S. at 353); *King*, 960 F.2d at 627 (statistical evidence alone insufficient to establish pattern or practice; plaintiff must provide sufficient anecdotal evidence to support inference of discrimination); *Brand v. Comcast Corp.*, 302 F.R.D. 201, 227 (N.D. Ill. 2014) (same).

### B. State Farm's Proposal Does Not Unnecessarily Complicate This Case or Burden the Court.

Plaintiffs argue that Defendants' phasing proposal will complicate this case and that resolution of Plaintiffs' claims on a class wide basis is most efficient. Opp. at 9-14. But this claim of efficiency is illusory, as Plaintiffs' claims are not based upon alleged "same company wide State Farm practices" (*id*. at 9); rather as detailed in Defendants' opening brief, the facts, circumstances, and assertions of each Plaintiff are widely varied. Mem. at 4-5. Plaintiffs provide no counter to this argument, other than their conclusory statement that all such actions are the result of State Farm's company-wide policy of discrimination, and that they should be able to proceed under a "pattern and practice" approach (Opp. at 9), relying upon the same case law—*Chicago Teachers Union* and *Warnell*—that is inapposite for reasons discussed previously.

It is this very lack of even one single, objective policy to which all Plaintiffs were supposedly subjected, that warrants discovery into the merits of each of their individual claims and is precisely why Defendants have moved to strike the class allegations and asked this Court to allow the parties to prioritize resolution of these individual issues. In their opposition, Plaintiffs assert that Defendants' statement that this discovery would also allow them to examine whether any classwide policies or claims exist is "nonsensical" (Opp. at 4), but such is not the case. Examination of each Plaintiff's claim—*i.e.*, answering the question of "why was I disfavored," *Dukes*—will permit Plaintiffs the opportunity to question the relevant decision makers about the *how* and the *why* of the challenged decisions, which, in turn would allow examination of whether

11

such issues can satisfy either Rule 23(a)'s commonality requirement or Rule 23(b)(3)'s predominance test.

## IV. PLAINTIFFS' SUPPLEMENTAL SUBMISSION CONFIRMS THAT A PHASED DISCOVERY APPROACH IS WARRANTED.

In their initial opposition to State Farm's motion, ***Plaintiffs proposed that rather than phase discovery, the Court should defer all discovery until after resolution of the motion to strike.*** Opp. at 14-15. Plaintiffs offered no support for this suggestion, nor did they attempt to square it with their earlier position that putative class members would be prejudiced by a delay in class certification discovery. *Id.* at 7.

After Plaintiffs' opposition brief was filed, this Court ordered that Plaintiffs file a supplemental submission, outlining the discovery they would propose in the following scenarios: (a) class certification discovery only; (b) merits discovery only; and (c) no phased discovery. Dkt. 89. Plaintiffs filed the supplemental submission on November 15, 2022, abandoning their earlier request to pause all discovery pending resolution of the motion to strike. In a complete reversal, Plaintiffs now assert that regardless of which scenario the Court might choose, they would be entitled to the same broad discovery regarding State Farm policies and other company-wide data; and thus, only their initial proposal to bifurcate discovery into a class certification phase, followed by a merits phase, would streamline the discovery process. Supp. Opp., Ex. 1. A close review, however, of the applicable Seventh Circuit case law demonstrates both the inaccuracies in Plaintiffs' position, as well as the reasonableness (and need for) State Farm's phased approach.

### A. Plaintiffs' Proposed Class Wide Discovery

Plaintiffs suggest that the appropriate scope of class wide discovery is "State Farm policies and practices," "Company-Wide data regarding State Farm's Agency workforce and the challenged Company practices," and "Demographic and Equal Employment Opportunity data,

documents, and discrimination complaints."[5] Supp. Opp. at 2-4. However, this proposed class discovery—which is focused exclusively on collecting company-wide statistical information and information regarding unspecified company-wide policies (*id.* at 2-4)—seeks information not relevant to the issues that will be dispositive on class certification: such as whether there is sufficient commonality among Plaintiffs' claims and those of other putative class members.

Contrary to Plaintiffs' proposal, the threshold issue for both class certification and the merits of Plaintiffs' "pattern and practice" theory is whether the allegedly discriminatory decisions identified in the Amended Complaint (*e.g.,* agency agreement terminations, policy assignments, office locations, decisions whether to offer a TICA agent a second agreement) were made pursuant to a "nationwide" policy (or policies) or were they made by local State Farm executives based on facts and circumstances specific to the particular agent or the market in which the agent was located. No amount of company-wide statistical data can answer this question, and company-wide statistics are not relevant unless and until Plaintiffs establish a common factual link to these decisions. *King*, 960 F.2d at 627. Similarly, discovery of "company-wide" policies is not relevant to this question until Plaintiffs can all show they were personally aggrieved by these alleged, unspecified policies in a common way that could be litigated on a class wide basis. *Dukes*, 564 U.S. at 357; *Bolden v. Walsh Const. Co.*, 688 F.3d 893, 898 (7th Cir. 2012) (no certifiable class where challenged policy was one of local discretion as "*Wal-Mart* tells us that local discretion cannot support a company-wide class no matter how cleverly lawyers may try to repackage local variability as uniformity").

Rather, these threshold questions can only be answered by focusing discovery on the individual decisions that allegedly impacted the Plaintiffs themselves. If and only if Plaintiffs

---

[5] State Farm agents are independent contractors, not employees. *See, e.g.,* Dkt. 68, Answer to ¶ 21. Thus, discovery regarding State Farm employees, including workplace policies and EEOC data, is irrelevant.

13

uncover evidence in discovery that connects these individual decisions to a general policy or practice do the broader company-wide policies and data become potentially probative and relevant either to class certification or the merits of Plaintiffs' pattern and practice claims. *Bolden*, 688 F.3d at 896-97 (explaining that in the absence of a company-wide policy that impacted all putative class members, statistical evidence showing discrepancies "begs the question"). For example, in *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997), the court reversed the district court's class certification of a claim that a motel chain had a company-wide pattern and practice of discriminating against Black customers. In so holding, the court reasoned that even if the plaintiffs in that case could establish the existence of a company-wide "pattern and practice" of discrimination, class certification was still inappropriate because each of the plaintiffs' claims required distinctly case-specific inquiries into the facts surrounding each alleged incident of discrimination and that these issues clearly predominated over the only issue allegedly common to the class, *i.e.,* whether Motel 6 had a policy or practice of discrimination. *Id.* at 1006; *see also Hill v. Amoco Oil Co.*, No. 97 C 7501, 2001 WL 293628, at *7-8 (N.D. Ill. Mar. 19, 2001) (even if company-wide policy of discrimination existed, no Rule 23(b)(3) class could be certified, as each putative class member would still have to show that they were subjected to the policy in a way that was discriminatory) (citing *Jackson* and *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000).[6]

      In short, Plaintiffs' proposed class certification discovery puts the cart before the horse—even if the Parties were to proceed with class discovery *instanter*, the appropriate scope under Rule 26 would not be the "top down" approach outlined by Plaintiffs in their Supplemental Opposition.

---

[6] Plaintiffs' proposed "pattern and practice" statistical evidence, even if allowed, is also impermissibly broad. *Cain v. Elgin, Joliet & Eastern Railway*, No. 2:04-CV-347-RL, 2005 WL 8170023, at *3 (N.D. Ill. Sept. 2, 2005) (for pattern and practice claims, "statistical evidence is limited to [those] who were similarly situated to the Plaintiff").

14

B. **Plaintiffs' Proposed Individual Discovery.**

Plaintiffs also take the position that even if State Farm's motion is granted, the company-wide discovery discussed above would also be allowed. However, courts in this district do not take such a broad view of statistical or company-wide discovery in individual discrimination cases, and typically limit such discovery to the individual's particular circumstances. *See Barnes-Staples v. Murphy*, No. 20-cv-3627, 2021 WL 1426875, at *4 (N.D. Ill. Apr. 15, 2021) (Harjani, J.) ("Generally, when litigating an individual complaint of discrimination, 'the appropriate focus of discovery is upon the individual[] rather than upon company-wide information.") (citing *Cain*, 2005 WL 8170023, at *3). Furthermore, even if discovery beyond the plaintiff's individual situation is warranted, it must nevertheless be "tailored to the legal issues involved in each particular case" and cannot be "too remote from the allegations involved in this case." *Byers v. Illinois State Police*, No. 99 C 8105, 2002 WL 1264004, at *9 (N.D. Ill. June 3, 2002); *see also* Fed. R. Civ. P. 26(b)(1) (discovery must be proportional and not unduly burdensome). Thus, individual merits discovery will not entitle Plaintiffs to the broad-brush statistical and company-wide discovery enumerated in their Supplemental Opposition.

C. **Defendants' Proposed Discovery Plan.**

Defendants' opening brief detailed their proposed initial phase of discovery. Mem. at 7-10. This proposal balances the requirements of Rules 23 and 26, as it allows discovery into the claims of the individual Plaintiffs, as well as examination of whether there is any "glue" to bind together the otherwise highly individualized nature of the inquiry required for each.

## CONCLUSION

For the foregoing reasons, State Farm requests that the Court grant this Motion and limit the discovery at the initial phase of this case to discovery relevant to the claims of the Individual Plaintiffs.

Dated: November 22, 2022                    /s/ *Patricia Brown Holmes*

                                              Patricia Brown Holmes
                                              Joseph A. Cancila Jr.
                                              Amy C. Andrews
                                              RILEY SAFER HOLMES & CANCILA LLP
                                              70 W. Madison St., Suite 2900
                                              Chicago, IL 60602
                                              312-471-8700

                                              Michael A. Warner Jr.
                                              FRANCZEK P.C.
                                              300 S. Wacker Drive, Suite 3400
                                              Chicago, IL 60606

                                              *Counsel for State Farm Mutual Automobile Ins. Co., State Farm Life Ins. Co., State Farm Fire & Casualty Co., State Farm General Ins. Co., and State Farm Bank, F.S.B.*