## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ALTON WILLIAMS, BRANDON HERNDON, MARKUS TOLSON, JEFFREY FLOWERS, BROOKE CLUSE, VVONAKA RICHARDSON, and VERA DIXON, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., STATE FARM LIFE INSURANCE CO., STATE FARM FIRE AND CASUALTY CO., STATE FARM GENERAL INSURANCE CO., and STATE FARM BANK, F.S.B.,<br><br>      Defendants. | Hon. Judge Lindsay C. Jenkins<br><br>Magistrate Judge Sunil R. Harjani<br><br>Case No. 20-cv-1121 |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS

Linda D. Friedman
Suzanne E. Bish
George S. Robot
STOWELL & FRIEDMAN, LTD.
303 W. Madison St., Suite 2600
Chicago, IL 60606
(312) 431-0888
lfriedman@sfltd.com
sbish@sfltd.com
grobot@sfltd.com

Benjamin Lloyd Crump (*Pro Hac Vice*)
BEN CRUMP LAW, PLLC
122 S. Calhoun Street
Tallahassee, FL 32301
850-224-2020
court@bencrump.com

March 1, 2023

Justin L. Leinenweber
LEINENWEBER BARONI & DAFFADA, LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 857-3405
justin@ilesq.com

Nabeha Shaer (*Pro Hac Vice*)
BEN CRUMP LAW, PLLC
633 Pennsylvania Ave NW, Fl. 2
Washington, DC 20004
800-958-1444
nabeha@bencrump.com

*Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated*

# <u>TABLE OF CONTENTS</u>

I.  The Court Should Summarily Deny State Farm's Late-Filed and Groundless Motion to Strike Class Claims ................................................................................................. 3

II. Plaintiffs Sufficiently Allege Rule 23(a) Requirements ................................................ 4

    A.  State Farm Bears the Burden of Proof for Its Motion, Not Plaintiffs .................. 4

    B.  Plaintiffs Allege Common Issues of Law and Fact .............................................. 6

        1. The Existence, Legality, and Disparate Impact of Firm-Wide Discriminatory Policies Present Common Questions of Law and Fact Subject to Common Proof ................................................................................................................... 6

        2. Plaintiffs' Disparate Treatment Claims Raise Common Questions About Firm-Wide Policies, Along with Common Pattern-or-Practice Questions .................. 8

        3. In a Motion to Strike, State Farm Cannot Recast Its Firm-Wide Policies as "Individualized" and "Discretionary" ............................................................. 11

        4. Immaterial Individual Differences Do Not Defeat Commonality ..................... 12

    C.  Plaintiffs' Claims Are Typical of the Class ........................................................ 14

III. Plaintiffs Sufficiently Plead Rule 23(b) Requirements ............................................... 15

    A.  Injunctive and Issue Classes Are Warranted ...................................................... 15

    B.  Common Issues Predominate for a Rule 23(b)(3) Class ..................................... 17

IV. The Class Is Well Defined ........................................................................................... 19

V.  State Farm's Footnote Arguments Should Be Rejected .............................................. 20

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469 (7th Cir. 2004) ................................ 16

*Alpha Tech Pet, Inc. v. Lagasse, LLC*, 205 F. Supp. 3d 970 (N.D. Ill. 2016) ............................... 19

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997) ................................ 16

*Bell v. PNC Bank, N.A.*, 800 F.3d 360 (7th Cir. 2015) ................................ 5, 13

*Bennett v. Dart*, 53 F.4th 419 (7th Cir. 2022) ................................ 16

*Bland v. Edward D. Jones & Co., L.P.*, No. 18-cv-03673, 2020 WL 7027595 (N.D. Ill. Nov. 30, 2020) ................................ 10, 14

*Brengettcy*, 423 F.3d 674 (7th Cir. 2005) ................................ 7

*Brieger v. Tellabs, Inc.*, 245 F.R.D. 345 (N.D. Ill. 2007) ................................ 15

*Brown v. Nat'l R.R. Passenger Corp.*, No. 86-cv-10284, 1988 WL 76935 (N.D. Ill. July 15, 1988) ................................ 12

*Chi. Tchrs. Union, Loc. No. 1 v. Bd. of Educ.*, 797 F.3d 426 (7th Cir. 2015) ................................ passim

*Day v. Humana Ins. Co.*, 335 F.R.D. 181 (N.D. Ill. 2020) ................................ 5

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983) ................................ 15

*E&G, Inc. v. Am. Hotel Reg. Co.*, No. 17-cv-1011, 2018 WL 1334934 (N.D. Ill. Mar. 15, 2018) ................................ 17

*Eagle v. Vee Pak*, No. 12-cv-9672, 2023 WL 2198470 (N.D. Ill. Feb. 23, 2023) ................................ 9

*EEOC v. Chi. Miniature Lamp Works*, 947 F.2d 292 (7th Cir. 1991) ................................ 10

*Everett v. Baldwin*, No. 13-cv-4697, 2016 WL 8711476 (N.D. Ill. Jan. 15, 2016) ................................ 19

*Fairley v. McDonald's Corp.*, No. 20-cv-2273, 2021 WL 3054804 (N.D. Ill. July 20, 2021) ................................ passim

*Fitzhenry v. Career Educ. Corp.*, No. 14-cv-10172, 2016 WL 792312 (N.D. Ill. Mar. 1, 2016) ................................ 3, 17

*Franks v. Bowman*, 424 U.S. 747 (1976) ................................ 10

*Gaspar v. Linvatec Corp.*, 167 F.R.D. 51 (N.D. Ill. 1996) ................................ 15

*Gilbert v. Lands' End, Inc.*, No. 19-cv-1066, 2020 WL 1912003 (W.D. Wis. Apr. 20, 2020) .... 17

*Higgins v. Lake Cnty. Circuit Ct. Clerk's Off.*, No. 17-cv-07637, 2021 WL 4206789 (N.D. Ill. Sept. 15, 2021) ................................ 15

*Humphries v. CBOCS West, Inc.*, 474 F.3d 387 (7th Cir. 2007) ................................ 9

*Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390 (N.D. Ill. 2006) ................................ 12

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977) ................................ 10

*Jacks v. DirectSat USA, LLC*, No. 10-cv-1707, 2015 WL 1087897 (N.D. Ill. Mar. 10, 2015) .... 16

## TABLE OF AUTHORITIES
(continued)

**Page**

*Johnson v. Meriter Health Servs.*, 702 F.3d 364 (7th Cir. 2012) .................................................. 17

*Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) .............................................................................. 14

*Kevari v. Scottrade, Inc.*, No. 18-cv-0819, 2018 WL 6136822 (C.D. Cal. Aug. 31, 2018) ......... 12

*King v. Gen. Elec. Co.*, 960 F.2d 617 (7th Cir. 1992) .................................................................... 10

*Koehler v. Infosys Techs. Ltd. Inc.*, 107 F. Supp. 3d 940 (E.D. Wis. 2015) ................................... 5

*Kurt v. Platinum Supplemental Ins., Inc.*, No. 19-cv-4520, 2021 WL 3109667 (N.D. Ill. July 22, 2021) .................................................................................................................................. 5

*Lucas v. Ferrara Candy Co*, No. 13-cv-1525, 2014 WL 3611130 (N.D. Ill. July 22, 2014) ....... 19

*Lucas v. Vee Pak, Inc.*, 68 F. Supp. 3d 870 (N.D. Ill. 2014) ................................................ 9, 11, 19

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith*, 672 F.3d 482 (7th Cir. 2012) ......... passim

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802 (7th Cir. 2012) ........................... 19, 20

*Mozee v. Am. Com. Marine Serv. Co.*, 940 F.2d 1036 (7th Cir. 1991) ........................................ 10

*Muczynski v. Lieblick*, No. 10-cv-0081, 2013 WL 1080613 (N.D. Ill. Mar. 14, 2013) ............. 4, 8

*Murdock-Alexander v. Tempsnow Emp.*, No. 16-cv-5182, 2016 WL 6833961 (N.D. Ill. Nov. 21, 2016) .................................................................................................................... passim

*Oshana v. Coca-Cola*, 472 F.3d 506 (7th Cir. 2006) .................................................................... 20

*Porter v. Pipefitters Ass'n Loc. Union 597*, 208 F. Supp. 3d 894 (N.D. Ill. 2016) ................... 9, 11

*Puffer v. Allstate*, 255 F.R.D. 450 (N.D. Ill. 2009) ...................................................................... 18

*Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986) ............................................................ 13

*Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599 (7th Cir. 2016) ....................... 20

*Senegal v. JPMorgan Chase & Co.,* No. 18-cv-6006 (N.D. Ill. Dec. 20, 2018) ........................... 14

*Shirley v. Staffing Network Holdings, LLC*, No. 16-cv-6279, 2016 WL 6599951, at *5 (N.D. Ill. Nov. 8, 2016) .................................................................................................................... 9, 10

*Simpson v. Dart*, 23 F.4[th] 706 (7th Cir. 2022) ................................................................. 1, 7, 8, 18

*Slaughter v. Wells Fargo Advisors, LLC*, No. 13-cv-06368, 2017 WL 3128802 (N.D. Ill. May 4, 2017) ................................................................................................................................ 14

*Stubbs v. McDonald's Corp.*, 224 F.R.D. 668 (D. Kan. 2006) ..................................................... 12

*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014) ..................................................... 13

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) .............................................................. 20

*Tex. Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp. 3d 402, 409–12 (N.D. Ill. 2021) .............................................................................................................................. 3

*Valentine v. Wideopen W. Fin., LLC*, 288 F.R.D. 407 (N.D. Ill. 2012) .......................................... 5

*Vann v. Dolly, Inc.*, No. 18-cv-4455, 2020 WL 902831 (N.D. Ill. Feb. 25, 2020) ...................... 20

## TABLE OF AUTHORITIES
(continued)

**Page**

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .................................................... 6

*Warr-Hightower v. Ill. Cent. Coll.*, No. 17-cv-01153, 2017 WL 5484671 (C.D. Ill. Nov. 15, 2017) ......................................................................................................... 11

*Williams v. Sheriff of Cook Cnty.*, No. 16-cv-7639, 2017 WL 878731 (N.D. Ill. Mar. 6, 2017) ............................................................................................................ 17

*Womick v. Kroger Co.*, No. 21-cv-00574, 2022 WL 1266630 (S.D. Ill. Apr. 28, 2022) ............... 5

*Zollicoffer v. Gold Standard Baking, Inc.*, 335 F.R.D. 126 (N.D. Ill. 2020)............................ 9, 11

**Statutes**

42 U.S.C. § 1981 ....................................................................................................... 2, 6, 9

42 U.S.C. § 2000e-2 ................................................................................................... 6

42 U.S.C. § 2000e-2(k)(1)(A) ...................................................................................... 6, 18

**Rules**

Fed. R. Civ. P. 12(b) ................................................................................................... 6

Fed. R. Civ. P. 23 ....................................................................................................... 3, 16, 17

Fed. R. Civ. P. 23(a) ................................................................................................... 4, 17

Fed. R. Civ. P. 23(b)(2) ............................................................................................... 15, 16, 17

Fed. R. Civ. P. 23(b)(3) ............................................................................................... 17, 18, 20

Fed. R. Civ. P. 23(c) ................................................................................................... 3, 16

Fed. R. Civ. P. 23(c)(4) ............................................................................................... 15, 16

Fed. R. Civ. P. 26 ....................................................................................................... 2

Motions to strike class allegations are "disfavored" and reserved for "exceptional cases" in which the class allegations are "facially and inherently deficient." *Fairley v. McDonald's Corp.*, No. 20-cv-2273, 2021 WL 3054804, at *4 (N.D. Ill. July 20, 2021). This is plainly not such an exceptional case. Plaintiffs' detailed, 38-page Second Amended Complaint ("SAC") challenging State Farm's systemic race discrimination and discriminatory practices governing its agency workforce more than sufficiently pleads class claims. State Farm's central argument—that Plaintiffs have not identified any firm-wide policies that could be resolved on a class-wide basis—is both inaccurate and inconsistent with the law of the case. As the Court ruled in denying State Farm's motion to dismiss:

> Plaintiffs allege that through a uniform set of firm-wide policies and practices, State Farm systematically discriminates against its African American Agents, resulting in lower pay, differential treatment, and higher rates of attrition for African American Agents.

(Dkt. 57 at 2.) Indeed, this is precisely the type of case the Seventh Circuit has repeatedly held is "well suited for classwide adjudication." *Simpson v. Dart*, 23 F.4th 706, 712 (7th Cir. 2022) (vacating denial of certification of disparate impact employment discrimination class).

The Court should also summarily dismiss the motion as untimely. To justify its motion to strike, State Farm must claim deficiencies apparent on the face of the complaint. But instead of raising these arguments with its original motion to dismiss in 2020, State Farm held back this motion until after the Court ruled in *2022*. (Dkt. 57.) State Farm's strategy of *seriatim* motions practice has allowed it to avoid discovery for more than eight months since the Court held that "Plaintiffs . . . unlock[ed] the doors to discovery." (*Id.* at 26.) Summary dismissal of this frivolous motion as untimely is within the sound discretion of this Court and will discourage *seriatim* motions practice and allow this important case to progress toward class certification and resolution on the merits. *See Fairley*, 2021 WL 3054804, at *4.

1

**BACKGROUND**

In February 2020, Plaintiffs filed this putative class action challenging and seeking to end State Farm's systemic race discrimination under 42 U.S.C. § 1981. State Farm moved to dismiss Plaintiffs' class lawsuit in November 2020. (Dkt. 38.) That motion was fully briefed, including supplemental briefs. (Dkts. 39, 45-46, 49, 53–54, 56.)

In July 2022, in a comprehensive 47-page opinion, the prior Court denied in its entirety State Farm's motion to dismiss the class complaint. (Dkt. 57.) The Court held Plaintiffs plausibly alleged that "State Farm engages in a firm-wide pattern and practice of race discrimination and discriminatory policies and practices, and that pursuant to those policies and practices, Plaintiffs were assigned to less lucrative territories, began their careers from scratch or with a significantly smaller book of business, were denied valuable policies and resources, were subjected to differential discipline, and were paid lower wages because of their race." (*Id.* at 26–27.) The Court held that "Plaintiffs' allegations present a story sufficiently cohesive to unlock the doors to discovery" and referred the case to the magistrate judge for discovery. (*Id.* at 25–26; Dkt. 58.)

State Farm finally answered the complaint (Dkt. 67), and the matter appeared headed toward discovery until September 7, 2022, when State Farm announced, for the first time in a Rule 26(f) report, that it intended to challenge the sufficiency of the complaint *again* by filing a motion to strike. (Dkt. 69 at 6.) On September 8, 2022, State Farm moved to strike the class allegations and concurrently to phase discovery to bar class discovery but require the seven individual plaintiffs' claims be fully litigated before it produced *any* firm-wide discovery. (Dkts. 70, 71, 75.) The magistrate judge stayed all discovery pending the Court's ruling on the motion to strike. (Dkt. 120). Thus, no discovery has been exchanged in the eight months since the prior Court held that Plaintiffs had "unlock[ed] the doors to discovery." (Dkt. 57 at 26.)

While State Farm's motion to dismiss was pending, the parties agreed to toll Plaintiffs'
filing of Title VII claims until after the Court resolved the motion to dismiss. (Dkt. 113-6.) After
tolling ended on October 3, 2022, Plaintiffs sought leave to amend to add now-exhausted Title
VII claims, which the Court granted over State Farm's objection. (Dkts. 91, 100, 102, 106.) The
Court struck the pending motion to strike and ordered the parties to address "all claims" in a
single, 20-page brief. (Dkt. 110.) Instead of a single filing addressing all claims as ordered by the
Court, State Farm filed this motion to strike all class claims, (Dkt. 116), and a separate motion to
dismiss individual and class Title VII claims. (Dkt. 112, 113 at 6–7, 9–10 & n.7.)

## ARGUMENT

### I.     The Court Should Summarily Deny State Farm's Late-Filed and Groundless Motion to Strike Class Claims

Motions to strike are strongly disfavored and lie within the sound discretion of the court.
*Fairley*, 2021 WL 3054804, at *4. The Court should exercise its discretion to summarily deny
the Motion because State Farm waited more than two years to file it.

State Farm had all the information it needed to file its Motion in 2020, when it moved to
dismiss Plaintiffs' complaint in its entirety. Motions to strike class allegations are ordinarily filed
and ruled on simultaneously with motions to dismiss, so that the Court can efficiently address all
issues with the pleadings at once. *See, e.g.*, *id.* at *3; *Tex. Hill Country Landscaping, Inc. v.
Caterpillar, Inc.*, 522 F. Supp. 3d 402, 405 (N.D. Ill. 2021); *Fitzhenry v. Career Educ. Corp.*,
No. 14-cv-10172, 2016 WL 792312, at *5–6 (N.D. Ill. Mar. 1, 2016).

Insisting on the timely filing of any motion to strike class allegations respects Rule
23(c)(1)(A)'s instruction that the class certification decision be made at "an early practicable
time" and avoids delay and unnecessary burden. The earliest practicable time to raise and resolve
the issues raised in the Motion would have been over two years ago, when State Farm first

moved to dismiss the entire class complaint. Instead, State Farm waited for two years, until after their motion to dismiss was denied in its entirety, to raise concerns about the class allegations.

Similarly, the interests of judicial economy and efficiency counsel against allowing a defendant that has lost a motion to dismiss to file a motion to strike to evade the standards applicable to a reconsideration motion. A motion to reconsider may be granted only if necessary "to correct manifest errors of law or fact or to present newly discovered evidence." *Muczynski v. Lieblick*, No. 10-cv-0081, 2013 WL 1080613, at *2 (N.D. Ill. Mar. 14, 2013). State Farm cannot meet these standards and should not be allowed to avoid them by restyling as a "motion to strike" what is in substance a motion to reconsider the prior Court's opinion denying dismissal by finding that the Plaintiffs challenged firm-wide policies and practices. (Dkt. 57 at 26–27.)

Summary denial would discourage a strategy that is burdensome on this Court, the judiciary in general, and Plaintiffs. From Defendants' perspective, however, such *seriatim* filing carries little risk—in the worst-case scenario of losing both motions, they might get a longer reprieve from class discovery than if they had filed the motions together. Plaintiffs respectfully request that this Court discourage such a strategy by ruling it out of bounds. State Farm had every opportunity to move to strike along with its original motion to dismiss but declined to do so, creating unnecessary delay and inefficiency. This is unfair to the Court, the Plaintiffs, and putative class members relying on this case to address their serious civil rights claims. The Court should exercise its discretion to summarily deny the motion; it need not go any further.

## II. Plaintiffs Sufficiently Allege Rule 23(a) Requirements

### A. State Farm Bears the Burden of Proof for Its Motion, Not Plaintiffs

After class certification discovery is completed, Plaintiffs will move for class certification, and this Court will conduct a "rigorous analysis" to determine whether the Plaintiffs

have met their burden of showing the proposed class meets the requisite criteria under Rule 23(a) and (b). *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015).

But this is *not* a motion for class certification, it is a motion to strike a portion of the complaint. State Farm thus incorrectly asserts (at 7 n.9) that Plaintiffs bear the burden of meeting the post-discovery certification standard. However, "where the plaintiffs have not yet had the benefit of class discovery, the defendant bears the burden of proving that the proposed class is not certifiable." *Kurt v. Platinum Supplemental Ins., Inc.*, No. 19-cv-4520, 2021 WL 3109667, at *13 (N.D. Ill. July 22, 2021) (denying motion to strike); *Womick v. Kroger Co.*, No. 21-cv-00574, 2022 WL 1266630, at *2 (S.D. Ill. Apr. 28, 2022) (same). "A court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class." *Kurt*, 2021 WL 3109667, at *13; *Fairley*, 2021 WL 3054804, at *4; *Murdock-Alexander v. Tempsnow Emp.*, No. 16-cv-5182, 2016 WL 6833961, at *5 (N.D. Ill. Nov. 21, 2016).

A "court should only strike class allegations in exceptional cases" if the "class allegations are facially and inherently deficient." *Fairley*, 2021 WL 3054804, at *4. If "the dispute concerning class certification is factual in nature and discovery is needed to determine whether a class should be certified, a motion to strike . . . is premature." *Id.* (internal quotations omitted). The demanding standard recognizes that defendants "are often in control of the information plaintiffs need to meet that burden. Thus, discovery is often appropriate, even necessary." *Id.*

Against this consensus, State Farm cites *Valentine v. Wideopen W. Fin., LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012), in which the court asserted without authority that the standards for class certification and a motion to strike were identical, which made no difference in that case because the motion was denied. *Id.* at 416. *Day v. Humana Insurance Co.*, 335 F.R.D. 181, 198 (N.D. Ill. 2020) merely repeated the misstatement in *Valentine*.

At bottom, a motion to strike is like a Rule 12(b)(6) motion: it asserts that even if plaintiffs prove everything they allege, a class could never be certified. *Murdock-Alexander*, 2016 WL 6833961, at *3. Just as defendants bear the burden of showing failure to state a claim under Rule 12(b)(6) even though plaintiffs have the ultimate burden of proof, State Farm must show that class allegations should be stricken even though Plaintiffs will bear the burden at the class certification stage. State Farm bears the burden on its own motion.

### B. Plaintiffs Allege Common Issues of Law and Fact

State Farm argues that Plaintiffs' claims can never meet commonality under Rule 23(a)(2). As the Supreme Court has held, to meet commonality, "even a single common question will do." *Fairley*, 2021 WL 3054804, at *12 (cleaned up) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)).

Plaintiffs' class claims present a litany of common questions of law and fact, each of which will be resolved by common proof. All class members held the same position, Agent, at the same firm, State Farm, and challenge the same company-wide policies under the same two legal theories of unlawful discrimination: (1) "Disparate treatment"—that State Farm systematically treated Black Agents worse because of their race, in violation of 42 U.S.C. § 1981 (prohibiting discrimination in contracts) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (prohibiting discrimination in the workplace) and (2) "Disparate impact"—that State Farm employed policies or practices that, regardless of intent, disproportionately disadvantaged Black Agents in violation of Title VII, 42 U.S.C. § 2000e-2(k)(1)(A). Common issues abound.

### 1. The Existence, Legality, and Disparate Impact of Firm-Wide Discriminatory Policies Present Common Questions of Law and Fact Subject to Common Proof

"Where, as here, a plaintiff identifies a discrete employment policy that allegedly results in discrimination . . . . disparate impact claims almost necessarily present questions common to

6

the class—whether those [policies] in fact caused a disparate impact and, if so, whether the use of the [policy] was justified by a business necessity." *Simpson*, 23 F.4th at 712. The Seventh Circuit repeatedly finds commonality where employees challenge firm-wide policies under disparate impact theories. *E.g.*, *id.* at 714 (vacating denial of certification of disparate impact class challenging centralized hiring process); *Chi. Tchrs. Union, Loc. No. 1 v. Bd. of Educ.*, 797 F.3d 426, 440 (7th Cir. 2015) [ "*CTU*"] (reversing denial of certification for challenge to district-wide policies under disparate impact and disparate treatment theories); *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith*, 672 F.3d 482, 489–92 (7th Cir. 2012) (reversing denial of class certification challenging nationwide policies under disparate impact theory).

The prior Court already ruled that Plaintiffs plausibly challenge "company-wide discriminatory policies," (Dkt. 57 at 22),[1] meaning the claims "almost necessarily present questions common to the class." *Simpson*, 23 F.4th at 712. When the Court denied the motion to dismiss, it explained that the Plaintiffs plausibly alleged that State Farm's "company-wide discriminatory policies" intentionally discriminated against Black Agents. (Dkt. 57 at 22.) The Court further concluded that the Plaintiffs plausibly alleged that under those policies, "similarly situated non-African American agents received better territories, better policy assignments, and less severe discipline." (*Id.* at 29.) The Court also rejected State Farm's claim that Plaintiffs were insufficiently specific about which firm-wide policies it challenged. (*Id.* at 26–27.)

The disparate impact class thus involves class-wide proof of the existence, impact, and necessity of firm-wide discriminatory policies that the Court held Plaintiffs plausibly identified:

(1) the Term Independent Contractor Agent ("TICA") training program, which intentionally uses discriminatory criteria;

---

[1] State Farm concedes (at 1) that the First Amended Complaint alleges the same facts as the operative Second Amended Complaint; the prior Court's ruling thus applies to the Second Amended Complaint. *Brengettcy*, 423 F.3d 674, 680 (7th Cir. 2005) (holding law of the case doctrine applies on reassignment).

(2) the territory and agency assignment policy, which, disproportionately assigns Black Agents to less affluent territories, including by race-matches Black Agents ;

(3) the insurance policy assignment policy, which directs lucrative policies and products to non-Black Agents;

(4) the compensation policies, which utilizes criteria designed to harm Black Agents; and

(5) disciplinary and compliance policies and practices, which State Farm uses to punish and terminate Black Agents for conduct it tolerates in non-Black Agents.

(Dkt. 57 at 4–6, 26–27; SAC ¶¶ 21–51.) The entire class will use the same evidence to answer the questions of the existence and nature of these firm-wide policies, the same statistical evidence to prove their impact on State Farm's Black Agents, and the same evidence to rebut State Farm's claim of business necessity. *Simpson*, 23 F.4th at 712; *McReynolds*, 672 F.3d at 489 ("[W]hether [a firm-wide policy] causes racial discrimination and whether it nonetheless is justified by business necessity are issues common to the entire class . . . .") .

Because disparate impact claims that challenge firm-wide policies are so well suited for class adjudication, State Farm's core argument (at 8–14) is that Plaintiffs do not identify any specific discriminatory policies. Because the prior Court has already held otherwise, State Farm must meet the heavy burden of proof to reconsider, which it could not meet and does not attempt. *Muczynski*, 2013 WL 1080613, at *2. Under the law of the case, the complaint plausibly challenges "company-wide policies," under which non-Black Agents "received better territories, better policy assignments, and less severe discipline." (Dkt. 57 at 29), and the disparate impact claims will involve almost exclusively common questions. *Simpson*, 23 F.4th at 713 (vacating denial of certification of disparate impact claim where challenging centralized hiring policy).

### 2. Plaintiffs' Disparate Treatment Claims Raise Common Questions About Firm-Wide Policies, Along with Common Pattern-or-Practice Questions

The disparate treatment claims, like the disparate impact claims, challenge the same firm-wide policies. It is law of the case that Plaintiffs plausibly alleged disparate treatment claims

under § 1981. (Dkt. 57 at 20–38.) The elements of Title VII disparate treatment claims are the same. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403–04 (7th Cir. 2007). For the same reasons as above, the disparate treatment claims involve common questions of the existence, legality, and impact of the firm-wide discriminatory policies.

When the class challenges a firm-wide policy, "the question as to whether [the policy] discriminates against African Americans, either by disparate impact or treatment, can be adjudicated class-wide." *CTU*, 797 F.3d at 442–43. Courts routinely hold that disparate treatment classes share common issues where the employer's firm-wide policies cause discrimination, including as recently as last week. *See, e.g.*, *id.* (reversing denial of certification of disparate impact and treatment employment discrimination claim challenging district-wide policy); *Eagle v. Vee Pak*, No. 12-cv-9672, 2023 WL 2198470, at *14–15 (N.D. Ill. Feb. 23, 2023) (certifying disparate treatment class: "the question of whether a discriminatory policy of steering African Americans away from Vee Pak existed satisfie[d] the commonality requirement"); *See also, e.g.*, *Zollicoffer v. Gold Standard Baking, Inc.*, 335 F.R.D. 126, 153–57 (N.D. Ill. 2020) (certifying disparate treatment class); *Porter v. Pipefitters Ass'n Loc. Union 597*, 208 F. Supp. 3d 894, 905–07 (N.D. Ill. 2016) (same); *Warnell v. Ford Motor Co.*, 189 F.R.D. 383, 387 (N.D. Ill. 1999) (same); *Fairley*, 2021 WL 3054804, at *16 (denying motion to strike disparate treatment class); *Shirley v. Staffing Network Holdings, LLC*, No. 16-cv-6279, 2016 WL 6599951, at *5 (N.D. Ill. Nov. 8, 2016) (same); *Murdock-Alexander*, 2016 WL 6833961, at *4 (same); *Lucas v. Vee Pak, Inc.*, 68 F. Supp. 3d 870, 881–84 (N.D. Ill. 2014) (denying motion to strike in relevant part).

The disparate treatment claims also rely on common proof under a pattern-or-practice theory. Plaintiffs may elect to "prove[] intentional discrimination . . . by showing that an employer has a pattern or practice of discriminating against a protected class." *Bland v. Edward*

9

*D. Jones & Co., L.P.*, No. 18-cv-03673, 2020 WL 7027595, at *14 (N.D. Ill. Nov. 30, 2020). The pattern or practice method of proving discrimination has been approved by the Supreme Court in an unbroken line of cases spanning more than four decades. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977). Under this method, if the class proves that "unlawful discrimination has been a regular procedure or policy followed by an employer," then the court may award prospective injunctive relief, and each class member is entitled to a presumption that he or she was the victim of that discrimination. *Teamsters*, 431 U.S. at 360–62.

Contrary to State Farm's argument (at 2), pattern or practice discrimination claims are not "inherently individualized" and "unsuitable" for class determination but in fact can *only* be proven by common proof of whether "unlawful discrimination" was "the employer's regular policy." *Teamsters*, 431 U.S. at 359; *Franks v. Bowman*, 424 U.S. 747, 772–73 (1976); *King v. Gen. Elec. Co.*, 960 F.2d 617, 628 (7th Cir. 1992). Indeed, pattern-or-practice and disparate impact claims are often proven with the same common, class-wide statistical evidence. *EEOC v. Chi. Miniature Lamp Works*, 947 F.2d 292, 297 (7th Cir. 1991) ("[S]tatistics can be used to prove both disparate treatment and disparate impact."); *Mozee v. Am. Com. Marine Serv. Co.*, 940 F.2d 1036, 1051 (7th Cir. 1991) ("Often plaintiff classes make out pattern or practice showings through a combination of strong statistical evidence of disparate impact coupled with anecdotal evidence of the employer's intent to treat the protected class unequally.")

The prior Court has already held Plaintiffs allege "that State Farm engages in a firm-wide pattern and practice of race discrimination," (Dkt. 57 at 26–27); State Farm offers no grounds for reconsideration. In case after case, local courts refuse to strike class allegations for a lack of commonality where the plaintiffs, as here, plausibly allege a pattern or practice of discrimination. *See Shirley*, 2016 WL 6599951, at *4–5; *Murdock-Alexander*, 2016 WL 6833961, at *4; *Koehler*

*v. Infosys Techs. Ltd. Inc.*, 107 F. Supp. 3d 940, 949 (E.D. Wis. 2015); *Lucas*, 68 F. Supp. 3d at 881–82. To the contrary, courts regularly certify classes asserting pattern-or-practice theories of intentional discrimination. *CTU*, 797 F.3d at 436; *Zollicoffer v. Gold Standard Baking, Inc.*, 335 F.R.D. 126, 165 (N.D. Ill. 2020); *Brown v. Cook Cty.*, 332 F.R.D. 229, 246 (N.D. Ill. 2019); *Porter v. Pipefitters Ass'n Local Union 597*, 208 F. Supp. 3d 894, 909 (N.D. Ill. 2016).

### 3. In a Motion to Strike, State Farm Cannot Recast Its Firm-Wide Policies as "Individualized" and "Discretionary"

State Farm insists (at 11) that all issues are individualized because its firm-wide TICA program, territory assignments, policy assignments, compensation, and disciplinary policies are based on "individualized discretionary decisions." That is not what the complaint alleges. When State Farm claims that its policies are individualized and discretionary, it denies Plaintiffs' allegations that they are "centralized" (SAC ¶¶ 21, 48, 50), "company-wide" (*id.* ¶¶ 2–4, 22, 30, 35, 44–45), "firm-wide" (*id.* ¶¶ 22, 46, 59, 107), "nationwide" (*id.* ¶ 41, 125), and "uniform" (*id.* ¶¶ 22, 41, 125.) Plaintiffs amply support these allegations, including with facts showing that Plaintiffs suffered under these policies across the country. (*Id.* ¶¶ 53–109.) If State Farm must deny the allegations to dispute commonality, the dispute is "factual in nature," and "a motion to strike . . . is premature." *Fairley*, 2021 WL 3054804, at *4.

Regardless, the presence of some discretion does not defeat commonality. "[A] company-wide practice is appropriate for class challenge even where some decisions in the chain of acts challenged as discriminatory can be exercised by local managers with discretion . . . ." *CTU*, 797 F.3d at 437; *McReynolds*, 672 F.3d at 488–90 (reversing denial of class certification even though policies conferred "measure of discretion" to managers); *Porter*, 208 F. Supp. 3d at 905–06.

State Farm's other authority is easily distinguishable. *Warr-Hightower v. Ill. Cent. Coll.*, No. 17-cv-01153, 2017 WL 5484671, at *4–7 (C.D. Ill. Nov. 15, 2017) (failure-to-promote claim

where plaintiff failed to exhaust administrative remedies, allege any specific policies or practices, or adequately allege numerosity); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 675–76 (D. Kan. 2006) (failure-to-promote case where named Plaintiff failed to exhaust); *Brown v. Nat'l R.R. Passenger Corp.*, No. 86-cv-10284, 1988 WL 76935, at *5 (N.D. Ill. July 15, 1988) (decided based on different standards—a motion for leave to amend—and long before the governing case law fleshing out the commonality requirement); *Kevari v. Scottrade, Inc.*, No. 18-cv-0819, 2018 WL 6136822, at *7 (C.D. Cal. Aug. 31, 2018) (single plaintiff failed to identify any particular policies or practices that harmed her); *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 402 (N.D. Ill. 2006) (class certification decision *after* discovery in a consumer case).

### 4.     Immaterial Individual Differences Do Not Defeat Commonality

State Farm next argues (at 12–14) that individual differences among the Plaintiffs destroy commonality. This argument misconstrues both the facts and the law.

On the facts, State Farm overstates the differences among the Plaintiffs (at 12–13) to infer that policies could not be "company-wide," which the prior Court already held Plaintiffs plausibly allege. (Dkt. 57 at 22.) As the Court previously found, the complaint alleges Plaintiffs were all discriminated against in the same ways under the same State Farm policies. The TICA Plaintiffs were denied full Agent contracts under State Farm's standardized, discriminatory criteria and TICA program—a point State Farm does not contest here. (Memo at 12–14 (no mention of TICA program); SAC ¶¶ 24–28, 104, 114.) State Farm assigned all Plaintiffs less lucrative territories pursuant to State Farm's uniform territory assignment practices that assigns Black Agents less lucrative locations. (*Id.* ¶¶ 30–34, 53, 60–63, 74, 80–81, 90, 108–11.) State Farm's firm-wide policy assignment practices gave Plaintiffs less lucrative policies and forced them to start their careers from scratch or with a significantly smaller book of business. (*Id.* ¶¶ 35–39, 54, 59, 65–68, 75, 82, 89–92, 98–99, 107). Plaintiffs were subjected to discriminatory

and disparate disciplinary decisions pursuant to State Farm's oversight and discipline practices. (*Id.* ¶¶ 45–51, 55–56, 69–70, 76–78, 83–87, 94, 100, 112.) All lost compensation under State Farm's uniform compensation practices. (*Id.* ¶¶ 40–44, 58, 71, 79, 88, 96, 106, 115.)

On the law, State Farm again overstates what commonality requires. Only one common question need exist, and Plaintiffs and class members need not have factually identical experiences. *See Bell*, 800 F.3d at 374, 379 (upholding certification of class addressing unofficial policy of refusing to pay overtime, even though employer "cured" the violations for many employees); *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 757 (7th Cir. 2014) ("If the court thought that no class can be certified until proof exists that every member has been harmed, it was wrong."). "A class action will not be defeated solely because there are some factual variations among the members' grievances." *Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986) (citations omitted). Allegations that all Plaintiffs—regardless of location—suffered under the same centralized policies supports commonality.

Indeed, a class can be certified even where resolution of common issues will not resolve the entirety of every class member's claims in one fell swoop. *CTU*, 797 F.3d at 440 (reversing district court's holding that class discrimination claim lacked commonality because it could not be resolved in "one stroke"). Accordingly, the Seventh Circuit has extolled the increased efficiency of discrimination class actions in alleviating the burden of serial litigation. *See, e.g.*, *id.* at 442–44 ("[I]t will certainly be efficient and fair to answer the question [of whether Defendant's actions discriminated] once for all plaintiffs rather than in piecemeal litigation"); *McReynolds*, 672 F.3d at 490–91 (liability issues in class employment claim can "most efficiently be determined on a class-wide basis"); *Warnell*, 189 F.R.D. at 388 (finding a pattern or practice class superior to "repeated adjudication of sexual harassment claims piecemeal and

13

*seriatim*"). Here, determining whether the challenged policies were racially discriminatory or had a disparate impact is *the* central issue of the case and certainly will "generate common answers apt to drive the resolution of this litigation." *CTU*, 797 F.3d at 434.

Courts routinely hold that the low bar of commonality is satisfied and certify class actions like this one involving class members with the same job titles (Agents and TICAs) challenging policies or practices that affect all class members. *See, e.g.*, *McReynolds*, 672 F.3d at 490–91 (reversing denial of certification of class of Black financial advisor class challenging training program, and client asset distribution policies); *Bland v. Edward Jones*, No. 18-cv-3673 (N.D. Ill. July 15, 2021), ECF 139 (certifying settlement class of Black advisors alleging discriminatory assignment of territory and accounts); *Senegal v. JPMorgan Chase & Co.,* No. 18-cv-6006 (N.D. Ill. Dec. 20, 2018), ECF 40 (same); *Slaughter v. Wells Fargo Advisors, LLC*, No. 13-cv-06368, 2017 WL 3128802, at *1 (N.D. Ill. May 4, 2017) (same); *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 656–57, 663 (N.D. Ill. 2006) (certifying class of Black employees challenging discipline, promotion, and job segregation policies, noting that "individualized factual variations among class members need not destroy commonality").

### C.  Plaintiffs' Claims Are Typical of the Class

State Farm renews (at 15–16) its commonality arguments to argue Plaintiffs and the class were subjected to "differing conduct" and cannot meet typicality. State Farm is again mistaken on the law and facts. As the Court concluded, and as Plaintiffs explain at length above, Plaintiffs challenge firm-wide policies that applied to and harmed them and the class in similar ways.

A plaintiff's claim is typical if it "arises from the same . . . practice or course of conduct that gives rise to the claims of other class members and . . . is based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). "[T]ypical does not mean identical, and the typicality requirement is liberally construed." *Brieger v. Tellabs, Inc.*, 245 F.R.D. 345, 350 (N.D.

Ill. 2007) (quoting *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996)). The Plaintiffs'

claims are typical. Plaintiffs are Black State Farm Agents challenging the same discriminatory

policies and pattern or practice of discrimination at State Farm under the same statutes and

asserting the same types of injuries as the class. The named Plaintiffs' claims thus share the

"same essential characteristics" as the class. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d

225, 232 (7th Cir. 1983) (typicality met when "the named representatives' claims have the same

essential characteristics as the claims of the class.")

State Farm also observes (at 15) that six of the seven Plaintiffs are no longer employed at

State Farm and therefore cannot pursue injunctive relief. State Farm does not dispute that

Plaintiff Cluse is currently employed by State Farm. (SAC ¶ 12.) Because discrimination is

ongoing against at least one Plaintiff, injunctive relief is concededly available to the class. Courts

regularly certify classes of "current and former" employees represented by "current and former"

employees without typicality (or any other) concerns. *See, e.g.*, *Smith*, 234 F.R.D. at 655, 660

(finding current and former employee class representatives had typical claims of current and

former employee class). Moreover, State Farm's premise is incorrect—all seven Plaintiffs have

standing because they either are currently employed or seek reinstatement. *See, e.g.*, *Levin v.

Madigan*, 697 F. Supp. 2d 958, 975 (N.D. Ill. 2010); *see* Mot. to Dismiss Opp. § II.

### III.   Plaintiffs Sufficiently Plead Rule 23(b) Requirements

#### A.   Injunctive and Issue Classes Are Warranted

Plaintiffs properly seek certification of a declaratory and injunctive relief class and issue

certification under Rules 23(b)(2) and 23(c)(4), respectively. (SAC ¶¶ 121–22.). Rule 23(b)(2)

provides for certification where a defendant "has acted or refused to act on grounds that apply

generally to the class, so that final injunctive relief or corresponding declaratory relief is

appropriate respecting the class as a whole." The Supreme Court has held, "[c]ivil rights cases

against parties charged with unlawful, class-based discrimination are prime examples" of Rule 23(b)(2) classes. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Predominance is not required for classes under Rule 23(b)(2) or Rule 23(c)(4).FED. R. CIV. P. 23(b); *Jacks v. DirectSat USA, LLC*, No. 10-cv-1707, 2015 WL 1087897, at *6 (N.D. Ill. Mar. 10, 2015).

Plaintiffs seek, among other things, a declaration that the policies and practices they challenge are unlawful and to carefully craft meaningful injunctive relief to reform or end the discriminatory policies and create an equal playing field for State Farm's Agents regardless of race. This is exactly the kind of case and relief that Rule 23(b)(2) is designed to address.

Plaintiffs' request for issue certification of common, classwide issues under Rule 23(c)(4) is also appropriate. Indeed, the Seventh Circuit has endorsed issue certification as an efficient and effective method of resolving class claims. *See, e.g.*, *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022) (reversing district court's decertification of class and ordering issue certification under Rule 23(c)(4)); *McReynolds*, 672 F.3d at 491–92 (reversing denial of class certification in employment case where liability issues could be determined under Rule 23(c)(4)); *Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469, 471–72 (7th Cir. 2004) (reversing denial of class certification, ordering the case certified under Rule 23(b)(2), and suggesting issue certification for damages issues). As the Seventh Circuit has explained, "it makes good sense" for the court to "carv[e] at the joint" with targeted Rule 23(c)(4) issue certifications when there are "issues identical across all the claimants." *McReynolds*, 672 F.3d at 491 (quotations omitted).

State Farm repurposes (at 18) its commonality argument that "Plaintiffs have not articulated any specific State Farm policy that they challenge" to argue against injunctive relief. As discussed at length above, they have. The Court could enjoin or declare unlawful any of the discriminatory firm-wide policies. State Farm's only purported support for its argument (at 17–

16

18) is that Plaintiffs' prayer for relief is not specific enough, requesting only injunctive relief instead of specifying the precise contours of the injunction. But identifying that the requested relief includes an injunction suffices. *See Williams v. Sheriff of Cook Cnty.*, No. 16-cv-7639, 2017 WL 878731, at *2 (N.D. Ill. Mar. 6, 2017) (denying motion to dismiss putative Rule 23(b)(2) class where prayer requested "appropriate injunctive relief").

State Farm also asks (at 18) the Court to hold, as a matter of law, that any monetary relief Plaintiffs seek is not "incidental" to declaratory or injunctive relief. This request is premature. *Fitzhenry*, 2016 WL 792312, at *6; *E&G, Inc. v. Am. Hotel Reg. Co.*, No. 17-cv-1011, 2018 WL 1334934, at *2 (N.D. Ill. Mar. 15, 2018). Plaintiffs expect that certain damages calculations will be formulaic and mechanical, and therefore will be "incidental" to injunctive relief. *Johnson v. Meriter Health Servs.*, 702 F.3d 364, 372 (7th Cir. 2012); *cf. McReynolds*, 672 F.3d at 492 (reversing denial of 23(b)(2) class certification where plaintiffs also raised backpay claims).

### B. Common Issues Predominate for a Rule 23(b)(3) Class

State Farm asks this Court to strike Plaintiffs' class claims based on its incorrect argument that individual claims predominate. As an initial matter, deciding the fact-intensive issue of predominance based only on the pleadings is improper. "[E]ven more so than the Rule 23(a) criteria, the predominance standard generally requires consideration of the merits and the nature of the evidence, and 'some level of discovery is essential to such an evaluation.'" *Fairley*, 2021 WL 3054804, at *16 (quoting *Murdock-Alexander*, 2016 WL 6833961, at *5). Attempting to decide whether "questions of law or fact common to class members predominate over any questions affecting only individual members," FED. R. CIV. P. 23(b)(3), based only on the pleadings does "not allow the Court to conduct the 'rigorous analysis' required under Rule 23." *Murdock-Alexander*, 2016 WL 6833961, at *5; *see also Gilbert v. Lands' End, Inc.*, No. 19-cv-1066, 2020 WL 1912003, at *5 (W.D. Wis. Apr. 20, 2020) ("[I]t would be premature to strike

17

the class allegations before plaintiffs have had an opportunity to develop the factual record and crystallize those common questions susceptible to common answers."). The Court can reject State Farm's arguments on this basis alone.

Moreover, State Farm is wrong. Rule 23(b)(3) predominance exists when "questions of law or fact common to class members predominate over any questions affecting only individual members." Liability of State Farm's discriminatory policies that applied to all class members is *the* predominant issue in this case for the claims of each and every class member and will be determined with common proof under common legal theories.

Common issues necessarily predominate in disparate impact claims: the existence and impact of the employment practice is the entire *prima facie* case, and necessity will be the primary defense. 42 U.S.C. § 2000e-2(k)(1)(A)(i); *Simpson*, 23 F.4th at 712. State Farm lists these same issues (at 17) as individualized and weighing against predominance, but evidence of firm-wide policies, class-wide statistical analysis to determine their impact on Black Agents, and weighing their business necessity are all class-wide, not individualized questions. *CTU*, 797 F.3d at 444; *McReynolds*, 672 F.3d at 490–92. Contrary to State Farm's misstatement (at 17), the question of "whether the impacts were for legitimate, non-discriminatory reasons" will not arise because a "non-discriminatory reason" is not a defense to a disparate impact claim. As the only case State Farm cites explains, "[i]n disparate impact cases . . . motive is irrelevant." *Puffer v. Allstate*, 255 F.R.D. 450, 457 n.2 (N.D. Ill. 2009).

Common issues also will predominate in the disparate treatment claims, which challenge the legality of the same firm-wide policies and pattern-or-practice that applied to the class members. State Farm asserts (at 17) that disparate treatment claims involve "inherently

18

individualized inquiries" that cannot be resolved on a class-wide basis. This restatement of its commonality argument fails for the same reasons discussed above.

## IV. The Class Is Well Defined

State Farm argues (at 18–19) that Plaintiffs' class allegations should be stricken because the class definition is not limited to those "who were potentially subjected to unlawful conduct." First, the class definition properly defines a sufficiently ascertainable class of Black State Farm Agents and TICA Agents for a defined period of time. This is an eminently definite and ascertainable class definition of a type that is regularly approved. *See, e.g.*, *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 05-cv-6583, 2012 WL 5278555, at *1 (N.D. Ill. July 13, 2012) (certifying class of "all African Americans employed by Merrill Lynch at any time since July 10, 2004 as Financial Advisors or Financial Advisor Trainees").

Second, State Farm's proposed definition is improper. Defining a class by reference to liability is a "fail-safe" class definition, which "renders it impossible to determine the scope of a class until a finding of liability is made," and not permissible under Seventh Circuit law. *Lucas v. Ferrara Candy Co*, No. 13-cv-1525, 2014 WL 3611130, at *8 (N.D. Ill. July 22, 2014); *see also Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012).

Third, the time to address class definitions is on a motion for class certification, not by striking class allegations before discovery. *See Lucas*, 2014 WL 3611130, at *8 (denying motion to strike and granting plaintiffs leave to amend class definition when they seek class certification); *Everett v. Baldwin*, No. 13-cv-4697, 2016 WL 8711476, at *11 (N.D. Ill. Jan. 15, 2016); *Alpha Tech Pet, Inc. v. Lagasse, LLC*, 205 F. Supp. 3d 970, 978 n.7 (N.D. Ill. 2016); *see also Lucas*, 68 F. Supp. 3d at 880 (concluding that class definition was improper fail-safe class and nonetheless denying motion to strike).

State Farm's only authorities on this issue are distinguishable. *Oshana v. Coca-Cola Co.*,

472 F.3d 506, 510 (7th Cir. 2006) did not strike pleadings, but rather denied class certification for putative consumer fraud class of millions of customers, many of whom were not defrauded. And in *Vann v. Dolly, Inc.*, No. 18-cv-4455, 2020 WL 902831, at *5 (N.D. Ill. Feb. 25, 2020), the complaint alleged unlawful actions against employees holding one position but defined class to include other positions. This is inapplicable here, where all class members are Agents.

### V.     State Farm's Footnote Arguments Should Be Rejected

The Court's standing order (like the prior Court's) forbids the use of footnotes for substantive arguments. These arguments are also waived as "[p]erfunctory and undeveloped" and "unsupported by legal authority." *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016). The Court should disregard the 20 footnotes and their 22 case citations.

Three footnote-arguments warrant mention. Footnote 11 (at 9) argues without citation that Title VII does not apply because Plaintiffs are not "employees." As explained in an earlier brief, (Dkt. 102 at 2–4), Plaintiffs alleged that TICAs are employees (SAC ¶ 29), and employment status is a fact-intensive question. Footnote 16 (at 13–14) challenges commonality because class members must prove that they met expectations and that similarly situated non-Black Agents were treated better. State Farm is describing the burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a summary judgment evidentiary standard. The Supreme Court expressly held that these are *not* elements plaintiffs must plead. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Footnote 18 (at 17) argues that the class lacks "superiority" under Rule 23(b)(3). The class action is superior to hundreds or thousands of separate proceedings. *See Messner*, 669 F.3d at 814 n.5 (superiority "poses no serious obstacle" where there are "many common issues of law and fact").

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the motion be denied.

Dated: March 1, 2023

Respectfully submitted,

*/s/ Suzanne E. Bish*

Linda D. Friedman
Suzanne E. Bish
George S. Robot
STOWELL & FRIEDMAN, LTD
303 W. Madison St., Suite 2600
Chicago, Illinois 60606
(312) 431-0888
lfriedman@sfltd.com
sbish@sfltd.com
grobot@sfltd.com

Benjamin L. Crump (*pro hac vice*)
BEN CRUMP LAW, PLLC
122 S. Calhoun St.
Tallahassee, FL 32301
(800) 713-1222
court@bencrump.com

Nabeha Shaer (*pro hac vice*)
BEN CRUMP LAW, PLLC
633 Pennsylvania Ave NW, Fl. 2
Washington, DC 20004
(800) 958-1444
nabeha@bencrump.com

Justin L. Leinenweber
LEINENWEBER BARONI & DAFFADA, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 857-3405
justin@ilesq.com

**CERTIFICATE OF SERVICE**

I, Suzanne E. Bish, hereby certify that on March 1, 2023, I filed the foregoing Plaintiffs'

Response in Opposition to Defendants' Motion to Strike Class Allegations via the Court's

CM/ECF system, which caused a copy of the same to be served upon all counsel of record via

ECF.


/s/ Suzanne E. Bish