**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALTON WILLIAMS, BRANDON HERNDON, MARKUS TOLSON, JEFFREY FLOWERS, BROOKE CLUSE, VVONAKA RICHARDSON, and VERA DIXON on behalf of themselves and all others similarly situated<br><br>        Plaintiffs,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., STATE FARM LIFE INSURANCE CO., STATE FARM FIRE AND CASUALTY CO., STATE FARM GENERAL INSURANCE CO., and STATE FARM BANK, F.S.B.,<br><br>        Defendants. | Case No. 1:20-cv-01121<br><br>Honorable Lindsay C. Jenkins<br><br>Honorable Sunil R. Harjani |

**THE STATE FARM DEFENDANTS' REPLY IN SUPPORT OF
THE MOTION TO STRIKE THE CLASS ACTION ALLEGATIONS
IN THE SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.     STATE FARM'S MOTION TO STRIKE IS PROCEDURALLY PROPER. ................... 2

II.    PLAINTIFFS BEAR THE BURDEN OF ESTABLISHING THAT THIS ACTION CAN PROCEED AS A CLASS ACTION. ................................................................................. 5

III.   PLAINTIFFS HAVE NOT IDENTIFIED ANY COMMON QUESTIONS FOR PURPOSES OF RULE 23(A)(2). ........................................................................... 8

     A.    Plaintiffs Have Not Identified Any Common Questions. ....................................... 8

     B.    Plaintiffs' Allegations of a Pattern and Practice of Discrimination Cannot Satisfy Rule 23(a)(2). .............................................................................................. 10

IV.   PLAINTIFFS FAIL SUBSTANTIVELY TO ADDRESS THE PREDOMINANCE OF INDIVIDUALIZED ISSUES PRECLUDING RULE 23(B)(3) CERTIFICATION. ...... 11

V.    PLAINTIFFS FAIL TO ADDRESS THAT NO INJUNCTIVE RELIEF CLASS CAN BE CERTIFIED PURSUANT TO RULE 23(B)(2). ........................................................ 13

VI.   A RULE 23(C)(4) ISSUES CLASS MUST ALSO SATISFY RULES 23(A) AND 23(B). ....................................................................................................................... 14

VII.  PLAINTIFFS CONCEDE THEIR DEFINED CLASS IS OVERLY BROAD. .............. 15

CONCLUSION .......................................................................................................................... 16

Defendants' Motion to Strike asks this Court to use its explicit powers under Rules 23(c)(1)(A) and 23(d)(1)(D) to strike the class action allegations from Plaintiffs' Second Amended Complaint ("SAC"). As explained in State Farm's opening memorandum (Dkt. 117 ("Mem.")), although this lawsuit is styled as a class action, it really is a combination of seven separate, individual intentional discrimination claims, each with its own unique set of facts, theories, and defenses. These individual claims cannot properly be adjudicated on a class wide basis, as they present no common question for purposes of Rule 23(a)(2), require predominating individualized inquiries not allowed under Rule 23(b)(3), and are not otherwise properly certifiable under either Rule 23(b)(2) or Rule 23(c)(4).

Plaintiffs' procedural challenges to the propriety and timeliness of State Farm's motion are baseless, as is Plaintiffs' effort to seek (erroneously) to shift the burden of proof on State Farm. As for the substance, Plaintiffs do not identify any common questions susceptible to common resolution, much less explain how the individualized inquiries of intent and causation can ever be addressed with common proof. Nor, despite their argument that the issue of class certification should be made after discovery, do they explain *how* that discovery could ever address the challenges raised in State Farm's motion. Plaintiffs' argument boils down to a bald assertion that because this is a civil rights action asserting a purported companywide pattern and practice of discrimination, they should be given the benefit of the doubt that it is appropriate for class treatment. But courts in this Circuit routinely reject such *ipse dixit*, and, consistent with Supreme Court precedent, demand actual (not presumed) compliance with Rule 23, even in the context of a civil rights claim.

As discussed more fully below, this Court should grant State Farm's motion, and strike the class action allegations from the SAC, so that this case may appropriately proceed to disposition

as individual discrimination actions.

## I.  STATE FARM'S MOTION TO STRIKE IS PROCEDURALLY PROPER.

In their opposition (Dkt. 123 ("Opp.")), Plaintiffs assert State Farm's motion is procedurally improper, claiming State Farm's challenge to proceeding with this action on behalf of a class is untimely and should have been filed with the motion to dismiss the prior complaint, and next inconsistently asserting State Farm improperly seeks a reconsideration of the Court's ruling on the motion to dismiss the § 1981 claims.  Plaintiffs also argue State Farm's motion to strike should have been combined with its pending motion to dismiss the Title VII claims and that State Farm's "footnote arguments" should be rejected.  None of these contentions have merit.

As previously explained (Mem. at 1), the motion to dismiss did not raise the question of maintaining this action as a class.  Plaintiffs do not point to anything to the contrary.  Nevertheless, Plaintiffs still argue throughout their opposition that the Court's ruling on that motion unlocked the doors to class-wide discovery, and therefore, State Farm's current motion constitutes a request for a reconsideration of that decision, as well as an attempt to avoid proceeding with resolution of this matter.  Opp. at 4, 8, 10.  The motion to strike properly challenges whether *individual* claims that survive a motion to dismiss[1] can be adjudicated on behalf of a class; and specifically, whether the Second Amended Complaint's allegations of a "hodgepodge of different alleged policies and practices that [Plaintiffs] say contribute to discrimination" can "'produce a common answer to the crucial question *why was I disfavored*.'"  *Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 272 (W.D. Wis. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011)) (emphasis in original).  As established in State Farm's opening brief, there are no such common answers here and thus, while there may be individual legal claims, there can be no class claims.  *Simpson v.*

---

[1] State Farm's motion to dismiss Plaintiff Richardson's Title VII claims (Dkts. 112, 113) remains pending.

*Dart*, 23 F.4th 706, 713 (7th Cir. 2022) (explaining that "'class claims' are the legal claims for which the class satisfies all of Rule 23's certification requirements").

As for the timeliness question, there is no requirement that a defendant combine a Rule 12 dismissal motion and a Rule 23 motion to strike, and Plaintiff cites no authority that both *must* be filed at the same time. The text of Rule 23(c)(1)(A) contains no such requirement; it simply directs the court to consider the question of class certification "[a]t an early practicable time," but is otherwise silent on when the issue should be raised. And courts routinely consider motions to strike class allegations that are filed after ruling on a motion to dismiss. *See, e.g., Sullivan v. Liberty Mutual Ins. Co.*, No. 21 C 6084, Dkt. 38 (N.D. Ill. Oct. 26, 2022) (granting motion to strike class allegations filed in wake of court's ruling on motion to dismiss); *Wood v. Capital Vision Serv., LLC*, No. 20 C 4584, 2021 WL 5280938, at *1 (N.D. Ill. Nov. 12, 2021) (ruling on motion to strike class allegations filed after court's denial of motion to dismiss); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 20-CV-00046, 2021 WL 2256031, at *1 (S.D. Ill. June 3, 2021) (same); *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, No. 12-929, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015) (same); *c.f. Womick v. Kroger Co.*, No. 21-CV-00574, 2022 WL 1266630, at *2 (S.D. Ill. Apr. 28, 2022) (rejecting argument motion to strike class action allegations was untimely because it was filed after defendant answered plaintiffs' complaint, noting that there is no time constraint on such motions). Given that courts "remain[] free to modify [certification orders] in light of subsequent developments in the litigation" to ensure "actual, not presumed, conformance with Rule 23(a)," *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 160 (1982); *see also Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012) ("a proposed class must *always* meet the Rule 23(a) requirements") (emphasis added), it would be incongruous to hold a motion to strike can only be considered at the outset of the litigation.

3

State Farm's decision to challenge the sufficiency of the class allegations after the Court's ruling on the motion to dismiss the § 1981 claims is fully consistent with the directive that the Federal Rules of Civil Procedure be "employed by … the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Had the Court granted the motion to dismiss the Amended Complaint, there would have been no need to address the question of whether this action could proceed on behalf of a class, and thus, no need to have burdened the Court and the parties with the instant motion. But once the Court allowed the § 1981 claims of the individual Plaintiffs to proceed, and Plaintiffs expressed an intent to add Title VII claims, as well as engage in overly broad and unduly burdensome class discovery (*see* Joint Status Report (Dkt. 69) at 4-6)), State Farm asked the Court to provide guidance on how best to proceed, and specifically, to address the threshold question of whether "allowing this case to proceed as a putative class action would be futile." *Jones v. BRG Sports, Inc.*, No. 18 C 7250, 2019 WL 3554374, at *4 (N.D. Ill. Aug. 1, 2019); *see also Chandler v. Zinus, Inc.*, No. 20-cv-265, 2020 WL 12846610, at *1 (S.D. Ill. Sept. 10, 2020) (noting that "[w]hether a case will proceed on individual claims or as a putative class action is a threshold issue" and ordering a stay of discovery pending resolution of motion to strike class allegations because "discovery for a putative nationwide class action suit will involve significantly more time and expense than if this case proceeds on individual claims"); *Molina v. Café Rio, Inc.*, No. ED CV 12-1858, 2013 WL 7174022, at *1 (C.D. Cal. July 12, 2013) (purpose of Rule 23(c)(1) "is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action and to apprise the defendants of their potential liability as soon as practicable."). Indeed, Magistrate Judge Harjani recognized when he stayed discovery until after resolution of this motion that "any ruling by the district judge [on the

motion to strike] may affect the scope of claims in this case, and thus the scope of discovery." Dkt. 111.

Finally, after the Court allowed Plaintiffs leave to file the SAC, State Farm followed the Court's very guidance on how to address the newly pled claims (including Defendant's fully-briefed motion to strike the class action allegations from the prior operative complaint (*see* Dkts. 106, 109, 110)), and filed a motion to dismiss the newly pled Title VII claims (Dkts. 112, 113)), an answer to the Section 1981 claims (Dkt. 114), and a motion to strike the class action allegations from the Second Amended Complaint (Dkts. 116, 117). Plaintiffs' claim that the Court directed a "single filing" for both motions (Opp. at 3) baldly mischaracterizes the Court's orders. Plaintiffs' challenge to State Farm's use of footnotes (Opp. at 20) is equally baseless. The memorandum submitted in support of the motion to strike was one-and-a-half pages shorter than the twenty pages allowed by the Court (Dkt. 110) and thus, did not make use of footnotes to evade page limits or for any other improper purpose. Nor are the three footnotes highlighted in Plaintiffs' opposition problematic—the first cites State Farm's Answer to the SAC, which explicitly denies Plaintiffs' allegations that independent contractor agents and TICAs are employees (Mem. at 9 n.11), the second provides "[b]y way of illustration," an example supporting the argument made in the body of the brief (*id.* at 13), and the third, which comes at the end of an entire section discussing Rule 23(b)(3), references that rule's requirement of superiority (*id.* at 17).

In short, all of Plaintiffs' procedural challenges to State Farm's motion to strike fail, the motion is neither untimely nor improper, and is appropriately before the Court.

## II.    PLAINTIFFS BEAR THE BURDEN OF ESTABLISHING THAT THIS ACTION CAN PROCEED AS A CLASS ACTION.

Plaintiffs incorrectly assert that State Farm, as the movant, bears the burden of establishing that the proposed class is not certifiable. Opp. at 4-6. It is foundational that a plaintiff always

bears the burden of establishing that its claims may proceed on behalf of a class. *See Oshana v. Coca Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). There is also no dispute that if a court concludes that no class can be maintained, and "discovery would not be useful in resolving the class determination," Rule 23(c)(1)(A) empowers the court to "deny class certification even before the plaintiff files a motion requesting certification." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

Motions to strike class allegations are evaluated under this rubric, and examine whether the pleadings demonstrate that a plaintiff has satisfied Rule 23(a)'s "gate-keeping function," and, if so, "one of Rule 23(b)'s provisions." *Huddleston v. American Airlines, Inc.*, No. 16-cv-09100, 2018 WL 4742097, at *2 (N.D. Ill. Oct. 2, 2018). While courts in this district sometimes disagree about "which party shoulders the burden of persuasion when the propriety of class certification is raised by means of a motion to strike class allegations" *id.*; *see also Womick*, 2022 WL 1266630, at *2, because the grant of "a motion to strike class allegations is tantamount to a denial of class certification after a motion to certify,"[2] the more persuasive view is "that the burden remains with the party seeking class certification regardless of who moves the court to make the determination." 1 McLaughlin on Class Actions § 3:4 (17th ed.); *c.f. Pruitt v. Personnel Staffing Group, LLC*, No. 16-cv-5079, 2020 WL 3050330, at *2-3 (N.D. Ill. June 8, 2020) (on defendant's motion to deny class certification, burden was on plaintiff to demonstrate that they were entitled to class certification); *Farmer v. DirectSat USA, LLC*, No. 08 CV 3962, 2013 WL 2457956, at *2 (N.D. Ill. June 6, 2015) (on motion to decertify, burden was on plaintiff to demonstrate "the continued propriety of maintaining the class action").[3]

---

[2] *See Microsoft Corp. v. Baker*, 582 U.S. 23, 34 n.7 (2017) ("An order striking class allegations is functionally equivalent to an order denying class certification and therefore appealable under Rule 23(f).").

[3] The cases cited by Plaintiffs for the contrary position (Opp. at 5), are easily distinguishable from the instant case. *Fairley v. McDonald's Corp.*, 2021 WL 3054804 (N.D. Ill. July 20, 2021) and *Murdock-*

Plaintiffs' assertion that striking the class allegations before allowing discovery constitutes an abuse of discretion, Opp. at 5, ignores that courts can, and do, strike class allegations prior to discovery where "no amount of discovery or opportunities to amend will save the plaintiffs' claims." *Jones*, 2019 WL 3554374, at *4; *see also Wright*, 2010 WL 4962838, at *1 ("when the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained"). Further, Plaintiffs' opposition is devoid of discussion of the discovery they believe should be allowed or, critically, how that discovery "could make a difference to the issue of certification in this case …."[4] *Ladik*, 291 F.R.D. at 273; *see also Huddleston*, 2018 WL 4742097, at *2. Because the complaint establishes "that the underlying class claims require … individualized inquiries," *Harris v. Rust-Oleum Corp.*, No. 21-cv-01376, 2022 WL 952743, at *3 (N.D. Ill. Mar. 30, 2022), and Plaintiffs have not explained how discovery can ameliorate these deficiencies, the class allegations should be stricken.

---

*Alexander v. Tempsnow Employment*, 2016 WL 6833961 (N.D. Ill. Nov. 21, 2016) both observe that while plaintiff bears the burden of demonstrating that they can satisfy Rule 23, the defendant is "often in control of the information plaintiffs need to meet that burden," *id.* at *3, but otherwise are silent on the burden of proof on a motion to strike. *Kurt v. Platinum Supplemental Ins., Inc.*, 2021 WL 3109667 (N.D. Ill. July 22, 2021) states that defendant bears the burden but does not address the competing point of view. And *Womick*, an out-of-district decision, addresses the split, but then concludes "recently courts agree" without explaining the basis for that determination, or attempting to reconcile a plaintiff's continued obligation to establish compliance with Rule 23 and a shifting of the burden of proof when the issue is presented to the court by way of a defendant's motion. 2022 WL 1266630 at *2. Finally, Plaintiffs' attempt to characterize *Valentine v. WideOpen West Fin., LLC*, 288 F.R.D. 407 (N.D. Ill. 2012) as an outlier (Opp. at 5) is not well-taken given the numerous courts that have concluded that plaintiffs bear the burden of establishing compliance with Rule 23, even in the context of a motion to strike. *See Bell*, 2015 WL 401443, at *3 (following the "majority" rule that burden of proof not altered on a motion to strike).

[4] To the extent that Plaintiffs would suggest that the class discovery identified in their proposal in response to State Farm's motion to phase discovery would inform on this issue, such discovery is irrelevant for the reasons discussed in State Farm's reply in support of the motion to phase discovery. *See* Dkt. 104 at 12-14; *see also Welch v. Eli Lilly & Co.*, 2008 WL 1776413, at *2 (S.D. Ind. Apr. 16, 2008) (to justify class wide discovery on basis of "pattern and practice allegations," "Plaintiffs bear the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations") (citation omitted).

### III.   PLAINTIFFS HAVE NOT IDENTIFIED ANY COMMON QUESTIONS FOR PURPOSES OF RULE 23(a)(2).

"The general gate-keeping function of Federal Rule 23(a) ensures that a class format is an appropriate procedure for adjudicating a particular claim by requiring that the class meet" the requirements of numerosity, commonality, typicality, and adequacy.  *Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015). In opposition, Plaintiffs misstate the commonality requirement as a "low bar" (Opp. at 14) and assert that because they have alleged that State Farm engages in a "pattern and practice" of discrimination against its Black independent contractor agents through a hodge-podge of supposed firm-wide policies, they have identified a common question for purposes of Rule 23(a)(2).  Opp. at 6-14.  But Plaintiffs have not identified any common questions capable of a common ***resolution***, nor are their allegations of pattern and practice sufficient to overcome State Farm's motion to strike.

### A.   Plaintiffs Have Not Identified Any Common Questions.

State Farm's opening brief highlighted that while Plaintiffs proclaim there to be a common policy or practice of discrimination against African American independent contractor agents and TICAs, they have not challenged a specific policy.  Plaintiffs instead seek to aggregate numerous different actions taken by numerous different (and unidentified) decision makers, and therefore, there is no common contention capable of generating common answers to drive the resolution of the litigation.  Mem. at 8-14.  In response, Plaintiffs do not identify any such common contentions, instead falling back on their assertion that because they claim "companywide" discrimination through a variety of actions (which are improperly aggregated as "policies"), the disparate impact and disparate treatment claims can proceed on a class wide basis.  Opp. at 6-14.  Plaintiffs admit that these decisions do involve discretion (Opp. at 11) and result in individualized differences (*id.* at 12).  Plaintiffs' arguments thereby miss the mark, as they do not explain how the myriad

challenged actions with different circumstances, locations, decision-makers, and timeframes (all highlighted in State Farm's opening brief (Mem. at 12-13))[5] can possibly give rise to a common contention that can "produce a common answer to the crucial question *why was I disfavored.*" *Dukes*, 564 U.S. at 352 (emphasis in original). This failure alone is reason to grant State Farm's motion. *Id.* at 350-51 (Rule 23(a) demands "actual, not presumed, conformance") (citations omitted).

Plaintiffs' cited case law further demonstrates the patent lack of a common question. For example, Plaintiffs rely heavily upon *Chicago Teachers Union, Local No. 1 v. Board of Educ. of City of Chicago*, 797 F.3d 426 (7th Cir. 2015), where plaintiffs identified a single subjective selection process that applied equally to each class member, for support that an asserted company-wide practice is appropriate for class challenge. Opp. at 7, 9. However, in *Nelson v. Pace Suburban Bus*, No. 17 C 7697, 2020 WL 6565241 (N.D. Ill. Nov. 9, 2020), a case involving Section 1981 discrimination claims, the court distinguished *Chicago Teachers Union*, noting that while that case involved a uniform practice used by the *same decision making body*, the *Nelson* plaintiffs

---

[5] Plaintiffs incorrectly assert (Opp. at 12) that State Farm "does not contest" their assertion that the TICA agents were denied a subsequent Agent's Agreement by claiming there is "no mention of TICA program" at pages 12-14 of its opening brief. As an initial matter, at the top of page 13, State Farm explicitly notes the allegations in the SAC that the "TICA Agreement expired of its own terms …." And in any event, as discussed throughout State Farm's opening memorandum, Plaintiffs allegations of "standardized, discriminatory, criteria" are mere conclusory allegations unsupported by specific facts. The allegations of TICAs Richardson and Dixon regarding purported "standardized criteria" suffer from this fatal flaw. They do not identify or describe any "standardized criteria" that resulted in discrimination against them or other agents. Rather, they both allege highly individualized and unique circumstances resulting from the COVID 19 pandemic. *See* SAC ¶¶ 103, 104, 113, 114. The only alleged "discriminatory" decision that they actually identify with the requisite specificity is that other non-Black agents were provided with additional support and granted extensions of their agreements during the pandemic. *Id.* A comparison of Richardson's and Dixon's allegations to those of the other five Plaintiffs further confirms that there is no "standardized discriminatory criteria" that can be litigated on a class wide basis on behalf of all State Farm agents, because none of the other Plaintiffs could have possibly been discriminated against based on the application of standardized TICA program criteria because they all had indefinite term agreements (what Plaintiffs refer to as "full" agreements) meaning they were either never TICAs or successfully completed the TICA program and received another agreement.

challenged "a variety of different disciplinary decisions made over a long period of time with varying degrees of involvement by [various] Pace decision-makers," and thus, no commonality could be found. 2020 WL 6565241, at *6. Such is the case here too. *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 553, 556 (7th Cir. 2016) (distinguishing *Chicago Teachers Union* where supposed common questions could "only be answered by looking at the unique facts of each [class member's] case"); *Brand v. Comcast Corp.*, No. 11 C 8471, 2015 WL 7077243, at *4 (N.D. Ill. Nov. 13, 2015) ("this case is not like *Chicago Teachers Union*," as "it was clear" that the *Brand* plaintiffs did not all suffer the same type of injury).[6]

In short, Plaintiffs' failure to identify a sufficient common question capable of class-wide resolution, let alone explain how discovery would ever cure or be informative on this question, dooms their class claims. *Ladik*, 291 F.R.D. at 272; *Huddleston*, 2018 WL 4742097, at *5.

**B.** **Plaintiffs' Allegations of a Pattern and Practice of Discrimination Cannot Satisfy Rule 23(a)(2).**

Plaintiffs next argue that because they have alleged a pattern and practice of discrimination, and the Court found those allegations to be sufficient for purposes of their individual claims, they have stated a class claim. Opp. at 8-11. But such an argument puts the cart before the horse: if all

---

[6] Plaintiffs' other case law (Opp. at 7, 9, 14) is similarly inapt. *See Phillips*, 828 F.3d at 552 (distinguishing *McReynolds* as it involved "two employment policies that potentially had a discriminatory impact"); *Jones v. Nat'l Council of YMCA of the United States of America*, 34 F. Supp. 3d 896, 907 (N.D. Ill. 2014) (same); *Eagle v. Vee Pack*, Case No. 12-CV-09672, 2023 WL 2198470, at *14 (N.D. Ill. Feb. 23, 2023) (challenging a single hiring practice applicable to all putative class members); *Fairley*, 2021 WL 3054804, at *13 (sex harassment claims alleging that defendant lacked sufficient nationwide policies to adequately train managers to investigate and remedy such claims); *Zollicoffer v. Gold Standard Baking, Inc.*, 335 F.R.D. 126, 134 (N.D. Ill. 2020) (challenge to a single hiring practice, imposed in a "top-down manner"); *Porter v. Pipefitters Ass'n Local Union 597*, 208 F. Supp. 3d 894, 912 (N.D. Ill. 2016) ("class members are challenging the same job assignment policy"); *Shirley v. Staffing Network Holdings, LLC*, 2016 WL 6599951, at *4 (N.D. Ill. Nov. 8, 2016) (single hiring practice at single facility); *Murdock-Alexander*, 2016 WL 6833961, at *4 (same); *Lucas v. Vee-Pack*, 68 F. Supp. 3d 870 (N.D. Ill. 2014) (same). The remainder of Plaintiffs' cited authority either involve trial court orders approving settlement classes (*Bland v. Edward Jones*; *Senegal v. JPMorgan Chase & Co.*; *Slaughter v. Wells Fargo Advisors, LLC*), or pre-date *Dukes* (*Warnell v. Ford Motor Co.*, 189 F.R.D. 383 (N.D. Ill. 1999); *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648 (N.D. Ill. 2006)), and thus are of limited value on the issue of commonality.

that was required to maintain a class action was to allege that the challenged discrimination was part of a company-wide pattern and practice, all discrimination claims would be certified. Such is plainly not the case. *Dukes*, 564 U.S. at 357-59 (observing that anecdotal evidence of discrimination combined with statistical evidence of a pattern of discrimination is insufficient for purposes of commonality; plaintiff must provide "convincing proof of a companywide discriminatory … policy" to raise a common question for purposes of Rule 23(a)); *Falcon,* 457 U.S. at 157 ("Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class").[7] *See also* Dkt. 104 at 9 (explaining that Plaintiffs are not entitled to a presumption of discrimination simply on the basis of an allegation of a pattern and practice).

## IV.     PLAINTIFFS FAIL SUBSTANTIVELY TO ADDRESS THE PREDOMINANCE OF INDIVIDUALIZED ISSUES PRECLUDING RULE 23(b)(3) CERTIFICATION.

As discussed in State Farm's opening brief, Plaintiffs' class claims present individualized questions of liability that cannot satisfy Rule 23(b)(3)'s predominance requirement. Mem. at 16-17. In their opposition, Plaintiffs largely fail to engage with State Farm's challenge, sidestepping discussion of the individualized questions of intent and causation. Instead, Plaintiffs argue that the predominance question cannot be decided in the context of a motion to strike, and that in any event,

---

[7] The case law cited by Plaintiffs for the assertion that motions to strike are denied where "plaintiffs plausibly allege a pattern or practice of discrimination" (Opp. at 10-11) is distinguishable. Each case involves a similar claim—namely, a challenge to a single practice, applicable to each putative class member, of refusing to hire based on race. *See Murdock-Alexander*, 2016 WL 6833961, at *4; *Shirley*, 2016 WL 6599951, at *5; *Lucas v. Ferrara Candy Co.*, 2014 WL 3611130, at *2 (N.D. Ill. July 22, 2014); *Koehler v. Infosys Tech. Ltd., Inc.*, 107 F.Supp.3d 940, 949 (E.D. Wisc. 2015). These claims are in stark contrast to those at issue here.

because other disparate impact and treatment cases have been certified, such will be the case here. Opp. at 17-19. But for starters, courts can, and do, grant motions to strike where it is facially evident that predominance cannot be established. *See Jones*, 2019 WL 3554374, at *5 (granting motion to strike because "the Court concludes that the individualized inquiries that pervade this case utterly destroy the plaintiffs' ability to satisfy Rule 23(b)(3)"); *Huddleston*, 2018 WL 4742097, at *5 (granting motion to strike for lack of predominance where "the determination of the causation element—and [defendant's] liability to the class—would require individualized factual inquiries as to each individual class member"); *In re Yasmin and Yaz (Drospirenone) Marketing*, 275 F.R.D. 270, 275-77 (S.D. Ill. 2011) (granting motion to strike where individual issues of law and fact predominated).

Moreover, the cases relied upon by Plaintiffs for their assertion that class-wide issues will predominate (Opp. at 18-19) highlight the lack of predominance here, for those cases involve a single practice or policy, to which each putative class member was subjected. For example, in *Chicago Teachers Union*, plaintiffs challenged a single subjective selection process used to evaluate each class member. The Seventh Circuit held that a common question—"was the selection process discriminatory"—predominated over any individualized questions. 797 F.3d at 444. Plaintiffs' other case law is similar. *See* fn.5, *supra*. In contrast, Plaintiffs' claims here involve numerous *different circumstances*, *different types of decisions*, *different outcomes, different time periods, different decision-makers,* and *different impacts*. Mem. at 5-6, 12-13. Plaintiffs provide no explanation as to how the claims at issue here are similar to those in the aforementioned cases, or how liability can be adjudicated on a class wide basis. This failure is dispositive for purposes of the predominance requirement of Rule 23(b)(3). *See Perez v. City of Chicago*, No. 13-cv-4531,

2019 WL 7290848, at *16 (N.D. Ill. Dec. 27, 2019) (where court must examine individual circumstances to determine liability, common issues do not predominate).

## V. PLAINTIFFS FAIL TO ADDRESS THAT NO INJUNCTIVE RELIEF CLASS CAN BE CERTIFIED PURSUANT TO RULE 23(b)(2).

State Farm's opening brief explained that Plaintiffs' requested injunctive relief was not suitable for adjudication under Rule 23(b)(2) as it was ill-defined and not likely to generate a single injunction that would provide relief to each member of the proposed class. Mem. at 14-15. Plaintiffs ignore this argument (thereby conceding it), generically responding only that civil-rights cases are "prime examples" of Rule 23(b)(2) classes, and that the argument that their requested injunctive relief is incidental to their damages claim is "premature." Opp. at 16. But whether civil rights cases encompass the type of relief that Rule 23(b)(2) is designed to address is irrelevant to the question of whether *this* case can satisfy Rule 23(b)(2). It is well-established that Plaintiffs must still demonstrate their ability to actually satisfy the requirements of Rule 23. *Dukes*, 564 U.S. at 351; *Wolfkiel v. Intersections Ins. Serv., Inc.*, 303 F.R.D. 287, 293 (N.D. Ill. 2014) (granting motion to strike where relief sought was not the type allowed under Rule 23(b)(2)).

As for the prematurity question, Plaintiffs rely upon two cases involving TCPA claims, *Fitzhenry v. Career Educ. Corp.*, No. 14-cv-10172, 2016 WL 792312 (N.D. Ill. Mar. 1, 2016); *E&G, Inc. v. Am. Hotel Reg. Co.*, No. 17-cv-1011, 2018 WL 1334934 (N.D. Ill. Mar. 15, 2018), but fail to explain how, given the facial deficiencies in the proposed Rule 23(b)(2) class, resolving that issue now would be premature. According to the Seventh Circuit, damages are "incidental" when they "flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief." *Lemon v. Int'l Union of Operating Eng'rs, Local 139, AFL-CIO*, 216 F.3d 577, 581 (7th Cir. 2000) (internal quotations omitted). "Thus, incidental damages do not depend 'in any significant way on the intangible, subjective differences of each class

13

member's circumstances' and do not 'require additional hearings to resolve the disparate merits of each individual's case.'" *Id.* (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 425 (5th Cir. 1998)). This is plainly not such a case (*see* Opp. at 12 (highlighting Plaintiffs' allegations that "they were assigned less lucrative territories" and "less lucrative policies," inherently individualized inquiries about the damages allegedly suffered by each putative class member)), and Plaintiffs have provided no legitimate reason to delay addressing this issue.

## VI.    A RULE 23(c)(4) ISSUES CLASS MUST ALSO SATISFY RULES 23(a) AND 23(b).

State Farm's opening brief correctly pointed out that certification of a Rule 23(c)(4) issues class also requires compliance with Rules 23(a) and 23(b).  Mem. at 8, n.10.  Plaintiffs largely ignore this requirement, stating in passing that a Rule 23(c)(4) issues class does not require Rule 23 (b)(3) predominance (Opp. at 16), and fall back on the general observation that an issues class can be an efficient way of resolving class claims.  *Id.*  While this may be true as a general practice, it says nothing about the interplay between Rules 23(a), (b), and (c), or the specifics of this case. It is fundamental that claims that do not satisfy Rule 23(a) and at least one provision of 23(b) cannot be certified pursuant to Rule 23(c)(4).  *Simpson*, 23 F.4th at 713 (defining "class claims" as "the legal claims for which the class satisfies all of Rule 23's certification requirements," and observing that only "class claims" can be certified under Rule 23(c)(4)); *see also* 1 McLaughlin on Class Actions, § 4:43 (18th ed.) ("The text of Rule 23(c)(4) does not purport to modify the certification requirements of Rule 23(b); rather, it provides for issue-only adjudication only '[w]hen appropriate.' Nor does it establish a separate set of requirements to guide the 'appropriate[ness]' inquiry, suggesting that issue certification is 'appropriate' where the requirements of Rule 23 are otherwise satisfied.").  Because Plaintiffs' claims do not satisfy the

requirements of Rules 23(a) and (b), they are similarly unable to avail themselves of a Rule 23(c)(4) issues class.[8]

## VII. PLAINTIFFS CONCEDE THEIR DEFINED CLASS IS OVERLY BROAD.

Finally, Plaintiffs assert that there is no need to address their overly broad class definition, arguing that the Court can simply defer resolution of this issue until they move for class certification. Opp. at 19. But this argument ignores both Plaintiffs' obligation to identify a legally viable class (Mem. at 18-19), as well as the distinction between "legal claims" and "class claims." *Simpson*, 23 F.4th at 713 (class claims must satisfy all of Rule 23's requirements). Given the very real burdens associated with proceeding with discovery for a putative nationwide class action, *Chandler*, 2020 WL 12846610, at *1, State Farm properly invoked the Court's power under Rule 23(c)(1) "to give a clear definition to the parameters of the putative class ...." *Molina*, 2013 WL 7174022, at *1. The interests of judicial economy and efficiency support resolving this issue now.

Plaintiffs' other arguments fare no better. Their assertion that "State Farm's proposed definition is improper" (Opp. at 19) is nonsensical. State Farm has no obligation to define the class. Furthermore, State Farm's argument was not that the class should be defined by reference to liability, but rather that the Plaintiffs' proposed class of "Black State Farm Agents and TICA Agents for a defined period of time" (Opp. at 19) is so broad as to be unworkable. Mem. at 18-19. Plaintiffs provide no answer to this problem.

---

[8] Additionally, even where Rule 23(c)(4) applies, certification under this provision is discretionary, and invoked only where it would materially advance the litigation. *Smith-Brown v. Ulta Beauty, Inc.*, 335 F.R.D. 521, 535 (N.D. Ill. 2020) (resolution of the issues on a class-wide basis will not promote efficiency by "materially advance[ing] the resolution of plaintiffs' and the class members' claims," but instead, require individualized findings; thus, Rule 23(c)(4) class is not appropriate) (citation omitted); *see also Smith v. City of Chicago*, 340 F.R.D. 262, 292-93 (N.D. Ill. 2021) (denying certification of Rule 23(c)(4) class as underlying discrimination claims require consideration of "individualized questions in establishing liability"). Plaintiffs provide no explanation as to how an issues class would materially advance this litigation.

## <u>CONCLUSION</u>

For the foregoing reasons, State Farm requests that the Court strike the class allegations in Plaintiffs' Amended Class Complaint.

Dated:  April 5, 2023

                                       */s/ Patricia Brown Holmes*
Patricia Brown Holmes
Joseph A. Cancila Jr.
Amy C. Andrews
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL  60602
312-471-8700

Michael A. Warner Jr.
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL  60606

*Counsel for State Farm Mutual Automobile Ins. Co., State Farm Life Ins. Co., State Farm Fire & Casualty Co., State Farm General Ins. Co., and State Farm Bank, F.S.B.*