## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ALTON WILLIAMS, BRANDON HERNDON, MARKUS TOLSON, JEFFREY FLOWERS, BROOKE CLUSE, VVONAKA RICHARDSON, VERA DIXON, and STAN CHAVIS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., STATE FARM LIFE INSURANCE CO., STATE FARM FIRE AND CASUALTY CO., STATE FARM GENERAL INSURANCE CO., and STATE FARM BANK, F.S.B., <br><br> Defendants. | Case No. 20-cv-01121 <br><br> Honorable Lindsay C. Jenkins <br><br> Honorable M. David Weisman |

**PLAINTIFFS' RESPONSE TO STATE FARM'S MOTION FOR PROTECTIVE ORDER**

This is not an individual claim where the plaintiff seeks to depose the CEO, whom the employee has never met. In this nationwide class action, Plaintiffs seek certification to represent a class of every African American Agent and TICA at State Farm since 2016 and challenge several core company-wide practices and State Farm's pattern or practice of race discrimination against African American agents. To gather evidence in support of class certification, Plaintiffs have noticed the depositions of, among others, four individuals with control over State Farm's agency workforce and these practices during the class period—two CEOs and two heads of Agency. Courts regularly permit depositions of high-ranking individuals in class actions. *See, e.g.*, *Washtenaw Cnty. Employees' Ret. Sys. v. Walgreen Co.,* 15 C 3187, 2020 WL 13613270 (N.D. Ill. Sept. 25, 2020) (permitting deposition of CEO of Walgreen in securities class action); *Flanagan v. Allstate Ins. Co.*, No. 01-cv-1541, 2007 WL 2317178, at *3 (N.D. Ill. July 20, 2007) (permitting deposition of Chairman of Allstate in employment class action).

State Farm does not and cannot meet its heavy burden as the party resisting discovery to prove that four individuals—at two different levels of the corporate hierarchy—all stand at the "apex" of the organization and must be shielded from ordinary discovery. Each of the witnesses has personal knowledge relevant to class certification that Plaintiffs are entitled to explore directly from these individuals, who as the current and former heads of Agency (Harbert and Cook) and CEOs (Tipsord and Farney), had direct authority and decision-making over challenged practices impacting the class of African American Agents and TICAs.

## I.      Argument

### A.      State Farm Must Make a "Strong Showing" for the "Extraordinary Measure" of Blocking Depositions

Litigants are entitled to broad discovery of relevant, non-privileged, proportional information; executives are not immune. Fed. R. Civ. P. 26(b)(1). Contrary to State Farm's

argument, "rather than having Plaintiff 'justify' the deposition, it is Defendant's burden to show that [an 'apex' witness] lacks unique personal knowledge or that his testimony would be duplicative[.]" *Boyd v. Lazer Spot, Inc.*, 2022 WL 2865881, at \*5 (N.D. Ill. July 6, 2022). "[C]ompletely prohibiting a deposition is an extraordinary measure." *Peaster v. McDonald's Corp.*, 2024 WL 6940771, at \*5 (N.D. Ill. Jan. 30, 2024) (declining to block deposition of CEO).

Courts may grant this rare relief for "apex" witnesses only where the party established one of four factors: (1) "no unique personal knowledge of the matter in dispute"; (2) the information can be garnered from other witnesses or (3) other discovery methods; or that (4) sitting for a deposition would impose a hardship in light of the officer's duties. *City of Rockford v. Mallinckrodt ARD, Inc.*, 17 CV 50107, 2020 WL 1675593, at \*2 (N.D. Ill. Apr. 6, 2020) (citing cases). State Farm does not and cannot establish any of these factors.

### B.     State Farm Does Not Show Lack of Unique Personal Knowledge

Relying on its inversion of its burden, State Farm makes no showing that these witnesses lack personal knowledge. A party resisting depositions should present "an affidavit or sworn declaration from [the purported "apex" witness] stating that he has no [unique personal] knowledge beyond what other witnesses have already testified to." *Peaster*, 2024 WL 6940771, at \*6 (denying protective order where defendant offered no affidavits); *see also Boyd* (same). State Farm offers no affidavits that the executives lack personal knowledge.

Pursuant to the Court's oral order at the status hearing on May 6, 2026, Plaintiffs submit this memorandum explaining why State Farm has not made the required "strong showing" to block the relevant depositions of Michael Tipsord, Rand Harbert, Jon Farney, and Kristyn Cook.

Defendants cannot make this showing because the record to date reveals that all of these witnesses have unique personal knowledge that cannot be obtained elsewhere, including:

1. **Michael Tipsord** was the CEO during much of the class period, giving him final control over the Agency workforce—effectively, State Farm's sales department and the driver of its revenue—during the class period. On Tipsord's retirement, State Farm described him as "lead[ing] an incredible team of more than 19,000 independent contractor agents." https://newsroom.statefarm.com/state-farm-new-ceo/ The record to date confirms his personal involvement and knowledge of challenged practices including:

    a. Presented racial demographics of Agents to the Board. WILA00021881PROD. Given the class allegations of racial steering, why the information was analyzed and presented and what was discussed related to the racial demographics of State Farm agents is relevant, particularly since State Farm refused to produced documents.

    b. Under the challenged Termination Review Program, Tipsord was the final TRP decision maker; indeed, he affirmed termination of several class representatives, (WILA00000572PROD (Tolson); WILA00000721PROD(Williams); WILA00000484PROD (Herndon).)

    c. Received multiple race discrimination complaints from Agents, including of plaintiff Richardson (WILA00006996PROD). Documents claim he personally "read" "comments" and "is very much in this dialogue." (WILA00007001PROD.)

2. **Rand Harbert** was the head of Agency at State Farm for much of the class period. In this role, he oversaw State Farm's Agency Operations, directed and supervised State Farm's four Senior Vice Presidents, and its entire market area leadership. State Farm currently describes the Chief Agency role as "lead[ing] the more than 19,000 State Farm agencies." https://www.statefarm.com/about-us/leadership-team. The Chief of Agency sits atop functions touching every aspect of the challenged practices, including marketing, agency sales/administration, agency services, recruiting, learning, and channel performance. (WILA00000002PROD.) Documents confirm Harbert's personal involvement in policymaking, strategy, and implementation about the challenged practices, including:

    a. Set strategy about challenged practices, including assignments of policies and multi-office agencies. (NR_WILA00000284PROD.)

    b. Led meetings with SVPs about challenged practices, including policy assignments and agent compensation for new policies. (NR_WILA00000443PROD; NR_WILA00000444PROD; NR_WILA00000344PROD.)

    c. Authored and approved compliance policies that are challenged in this lawsuit and cited in agent terminations (WILA00030955PROD; WILA00031083PROD), including of class representative Williams (WILA00000641PROD; WILA0000633PROD.)

    d. Personally considered, reviewed, and gave agent demographic information to CEO Tipsord. (WILA00021871PROD.)

    e. Personally approved agent termination recommendations. (WILA00034259PROD; WILA00034318PROD; WILA00035571PROD).

3

3. **Kristyn Cook** is the current head of Agency at State Farm, in her capacity as the Chief Agency, Sales & Marketing Officer. In addition to serving as the Chief of Agency like Harbert, she also "leads the company's brand and marketing efforts." Also, during the class period, as a SVP of Agency & Marketing she had "responsibility for marketing and branding, as well as corporate strategy for the company's agency-based model" https://www.statefarm.com/about-us/leadership-team. During the class period she was, by State Farm's own description, "instrumental in reshaping the State Farm marketing strategy, expanding beyond … historically targeted demographics." https://newsroom.statefarm.com/state-farm-cmo-rand-harbert-announces-retirement/. Documents confirm her personal involvement in designing, implementing, and strategizing for the challenged practices, including having meetings about challenge practices like appointment strategy, agency workforce, and assignment strategies (NR_WILA00000444PROD) and communicating about this lawsuit. (NR_WILA00000319PROD.)

4. **Jon Farney** is the current CEO and former CFO. In addition to being responsible for strategy and agents, documents show that he:

   a. Sought data regarding challenged practices such as the MOA, the Agent Placement Model, and SF's target for the amount of Agencies (NR_WILA00000677PROD);

   b. Requested "notable demographics" about market types, and "Performance of New Market vs. Assignment Agents" (NR_WILA00000677PROD).

State Farm argues that this information is not "unique." But no other witnesses have knowledge as to their decisions or goals for State Farm or can speak to these witnesses' private conversations about the challenged practices. They had private exchanges about challenged practices, including regarding agent and market demographics and marketing strategy (NR_WILA00000113PROD, NR_WILA000000406PROD) as well as multicultural marketing: "[g]iven our *recent conversations*...should you also speak about evolving how we think about multicultural marketing (Hispanic, etc)?" (NR_WILA00000706PROD (emphasis added)). No other witness or document can elucidate these witnesses' "recent conversations" with each other.

Regardless, an overlap of knowledge does not make testimony from executives worthless. *Peaster*, at *6 (quoting *Mallinckrodt*, 2020 WL 1675593, at *3.)]. The record to date shows that Tipsord, Harbert, Cook, and Farney have each been a "key player in designing,

4

implementing, and executing" the practices at issue. *Das v. Tata Consultancy Servs., Ltd.*, No. 25-cv-6988, 2025 WL 3079199, at *3 (N.D. Ill. Nov. 4, 2025).

**C. State Farm Has Not Shown Alternative Discovery Methods or Witnesses, Especially Given Its Case-Long Refusal to Produce Requested Documents**

The witnesses above are the only ones who can speak to the intentions behind the design, implementation, and execution of challenged practices. State Farm has long dragged its feet in responding to interrogatories, document requests, and ESI that might have answered some questions within these witnesses' knowledge. *See Boyd,* 2022 WL 2865881 (considering defendant's other discovery responses in permitting deposition of CEO). State Farm cannot have its cake and eat it, too. It has tried to shield high-level corporate knowledge by refusing to produce high-level documents about agency business, practices, documents/studies, and emails, and now seeks to prevent Plaintiffs from accessing that information from the witnesses.

**D. <u>State Farm Makes No Showing of Hardship</u>**

A deposition is a hardship on every deponent; thus, hardship is considered the least persuasive of traditional "apex" factors. *Peaster*, 2024 WL 6940771, at *6. "[S]elf-described busyness" because of executive responsibilities is insufficient. *Johnson v. Jung*, 242 F.R.D. 481, 484 (N.D. Ill. 2007); *In re Deere & Co. Repair Services Antitrust Litig.*, 22-CV-50188, 2025 WL 1435061, at *2 (N.D. Ill. May 19, 2025)

Former executives Tipsord and Harbert have no duties imposing unique hardship. *Washtenaw Cnty. Employees' Ret. Sys. v. Walgreen Co.*, 15 C 3187, 2020 WL 13613270, at *2 (N.D. Ill. Sept. 25, 2020). Plaintiffs are willing to work with the witnesses and defense counsel to find mutually convenient dates. However, State Farm cannot simply claim, without evidence, that these individuals with unique, relevant knowledge are too important to be deposed.

## II. Conclusion

Because State Farm has not and cannot meet its high burden to bar the testimony of witnesses with knowledge relevant to class certification, Plaintiffs respectfully request that the Court deny State Farm's motion for a protective order of its four purported "apex" witnesses.

Dated: May 12, 2026,

Nabeha Shaer (*pro hac vice*)
BEN CRUMP LAW, PLLC
633 Pennsylvania Ave NW, Fl. 2
Washington, DC 20004
(800) 958-1444
nabeha@bencrump.com


Sue-Ann N. Robinson (*pro hac vice*)
BEN CRUMP LAW, PLLC
614 S Federal Highway
Fort Lauderdale, FL 33067
(800) 713-1222
sueann@bencrump.com

Justin L. Leinenweber
JUSTIN L. LEINENWEBER, P.C.
120 N. LaSalle St., Ste. 2000
Chicago, IL 60602
(312) 857-3405
justin@ilesq.com

Respectfully Submitted,

/s/ *Suzanne E. Bish*

Suzanne E. Bish
Linda D. Friedman
George S. Robot
STOWELL & FRIEDMAN, LTD
303 W. Madison St., Suite 2600
Chicago, Illinois 60606
(312) 431-0888
lfriedman@sfltd.com
sbish@sfltd.com
grobot@sfltd.com

Benjamin L. Crump (*pro hac vice*)
BEN CRUMP LAW, PLLC
122 S. Calhoun St.
Tallahassee, FL 32301
(800) 713-1222
court@bencrump.com

## **CERTIFICATE OF SERVICEs**

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification to the CM/ECF participating attorneys.

Dated: May 12, 2026                         */s/ Suzanne E. Bish*