**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| ALTON WILLIAMS, BRANDON HERNDON, MARKUS TOLSON, JEFFREY FLOWERS, BROOKE CLUSE, VVONAKA RICHARDSON, VERA DIXON, and STANLEY CHAVIS, on behalf of themselves and all others similarly situated, | Case No. 20-cv-01121 |
| | Honorable Lindsay C. Jenkins |
| Plaintiffs, | Honorable M. David Weisman |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., STATE FARM LIFE INSURANCE CO., STATE FARM FIRE AND CASUALTY CO., STATE FARM GENERAL INSURANCE CO., and STATE FARM BANK, F.S.B., | |
| Defendants. | |

**PLAINTIFFS' MOTION TO UNREDACT RESPONSIVE DOCUMENTS**

**PER JULY 27, 2026 ORDER**

Pursuant to the Court's July 27, 2026, Order, Plaintiffs respectfully move to unredact Defendants' responsive ESI that it improperly redacted.

## I.      RELEVANT BACKGROUND

In response to Plaintiffs' Third Set of Requests for Production, State Farm produced only 839 of approximately 9,000 documents yielded by the Court-ordered Electronically Stored Information ("ESI") custodians and search terms.  (Dkt. 340-1) After Plaintiffs raised concerns about the search parameters and documents withheld, the Court ordered State Farm to produce a random selection of 250 withheld documents for Plaintiffs' review. (Dkt. 341) After review, Plaintiffs argued, and the Court agreed, that a substantial portion of the withheld documents were in fact responsive. The Court then ordered State Farm to re-review the ESI it withheld as non−responsive and produce "documents that entail SVP−−and−−above level discussion of challenged practices, discuss State Farm's diversity efforts, this lawsuit, and SVP approval or insight into decisions related to agents opening multiple offices or receiving policy assignments, and produce relevant documents." (Dkt. 354.) From that re-review, State Farm produced 581 documents, and heavily redacted 307 of those responsive documents for what State Farm called "privacy redactions." The redactions were not for privilege or customer privacy reasons.

Instead, State Farm redacted information such as agent names and office locations.  Many of the redacted documents reflect instances of the challenged practices being applied or agents using racist language. For example, many emails refer to State Farm decisions to terminate agents, assign multi-office opportunities (MOAs), and assign insurance policies, among other relevant topics.

1

On April 24, 2026, in emails, Plaintiffs articulated their objections to these redactions, explained the relevance of the information, and identified each document by Bates number. The parties exchanged numerous emails (April 27, June 5, 25, July 2, 13, 22, 30) and discussed this topic during at least two meet-and-confers (June 25 and July 22).

State Farm refused to produce unredacted documents in the manner they are maintained. After discussion, State Farm offered only to produce a "key" of agents mentioned within the redacted documents. On July 2, Plaintiffs proposed State Farm provide a key with the agents' State Farm identification number, race, location, supervisor, and VPA name. On July 13, State Farm rejected Plaintiffs' proposal and offered only to unredact location information and provide a "unique identifier" for each agent.

During a July 22 meeting, Plaintiffs asked if State Farm would use the Agent ID number as the "unique identifier" and provide the agent's race. Defendants responded that they would not use Agent ID and would instead create a new, unrelated "unique identifier." They also confirmed they would not provide agent race. During the meeting, Plaintiffs' counsel confirmed the Parties appeared to be at an impasse, and confirmed the same later via email.

## II. LEGAL STANDARD

The law is clear that responsive documents must be produced in full absent a recognized basis for redactions. The Federal Rules of Civil Procedure do not provide any exception for the "privacy" redactions State Farm has made in this case. *See* Fed. R. Civ. P. 26(b)(1). "Redaction of otherwise discoverable documents is the exception rather than the rule. What constitutes relevant information is often a matter of judgment, and even 'irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.'" *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D.Minn.

2

2011); *see also In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, Nos. 08–1945, 08–333, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions are generally unwise. They breed suspicions, and they may deprive the reader of context."); *U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 13-CV-04307, 2015 WL 2148394, at *2 (N.D. Ill. May 5, 2015) (finding that a privacy interest does not exist where the information is relevant to litigation and where there is a confidentiality order).

Furthermore, the Confidentiality Order (Dkts. 206, 417) entered in this case protects precisely the information State Farm has improperly redacted. *Jackson v. Wexford Health Sources, Inc.*, 3:20-CV-00900-DWD, 2023 WL 4352068 at *10-11 (S.D. Ill. July 5, 2023) (granting motions to compel unredacted documents containing third-party information because the information was protected by a confidentiality order). Permitting State Farm to unilaterally subvert this order—outside the procedures established by the Federal Rules and the parties' agreement—would undermine the integrity of the discovery process and "would improperly incentivize parties to hide as much as they dare." *IDC Fin. Publ'g, Inc. v. Bonddesk Group, LLC*, 15-CV-1085-PP, 2017 WL 4863202, at *2 (E.D. Wis. Oct. 26, 2017).

## III.    ARGUMENT

State Farm's unilateral redaction of relevant, non-privileged information is contrary to the law and creates unnecessary burdens on the parties and Court. State Farm's redaction of 307 previously withheld, re-reviewed documents is egregious. The documents discuss State Farm applying the challenged practices and instances of racial bias. These redactions include agent names, office locations, and office phone numbers – all public information. These redactions render the documents difficult to understand and connect to the broader record, thereby denying Plaintiffs and the class relevant discovery.

3

State Farm's arguments that it (unilaterally) redacted "irrelevant" or "private" information are not accurate or supported by law. First, the redacted documents and information is relevant to class certification discovery. The documents reveal State Farm's application of the challenged practices, including decisions to terminate agents, assign MOAs, and assign insurance policies, among other topics the Court ordered produced. The documents and redacted information are plainly relevant to class certification, as they may provide anecdotal evidence of the challenged practices, which is routinely included in class certification motions. *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 375 (7th Cir. 2015) (anecdotal testimony of class members supports finding of commonality for class certification purposes); *Smith v. Nike Retail Services, Inc.*, 234 F.R.D. 648, 662 (N.D. Ill. 2006) (statistical analysis and anecdotal evidence of class members establish commonality). Plaintiffs should be able to identify agents who are either class members or comparable non-Black agents.

Second, unsubstantiated privacy concerns do not warrant unilateral redactions. Despite Plaintiffs' requests in the parties' numerous meet-and-confers and submission of a Joint Statement Report, State Farm has not cited a single case, statute, or rule that supports it redacting responsive documents based on "privacy." That is because the law does not support, and information does not warrant, such redactions. Additionally, the identity and offices of State Farm agents is public and the source of considerable advertising.

Even if the information were "irrelevant" or "private," parties are not allowed to unilaterally redact information from responsive documents. *Hansen v. Country Mutual Insurance Co.*, No. 18 CV 244, 2020 WL 5763588, at *4 (N.D. Ill. Sept. 28, 2020) (finding redactions to irrelevant or sensitive information that is protected by confidentiality order in a class action to be "disruptive to the ordinary resolution of the case"). Finally, any privacy concerns are eliminated

by the stringent protective order entered by this Court, as State Farm has designated *all* of the documents as confidential. They will not be part of the public record.

There is no undue burden on State Farm in simply producing the documents, as it maintains them, in unredacted form. *See* Fed. R. Civ. P. 26(b)(2)(B). Moreover, any burden for unredacting the documents is entirely self-imposed by State Farm's choice to redact them in the first place despite case law and the parties' confidentiality agreement. As State Farm has stated on the record previously, it uses a third-party vendor for its productions (Dkt. 231 at 13 n. 14), and they should be able to easily and efficiently remove the redactions.

State Farm's proposal to create a "unique identifier" is grossly insufficient. As State Farm informed Plaintiffs, the "unique identifier" would be a completely new, created number. It would not be a State Farm agent or employee ID that would allow Plaintiffs to locate that individual across other State Farm productions or the workforce data when it is produced, or to understand the documents and context or identify class members, among many other things. State Farm going through 307 documents to cross-reference individuals and ensure they have the same "unique identifier" would be more burdensome than producing the unredacted documents. More importantly, this identifier would hide relevant information about the identity and location of class members, their comparables, and their management, all which are relevant to assessing the challenged practices, State Farm's actions and potential racial bias, and developing anecdotal class member evidence in support of Plaintiffs' motion for class certification.

## CONCLUSION

For the reasons stated in Court and above, Plaintiffs move to unredact Defendants' responsive ESI that it improperly redacted.

5

By: */s/ Justin L. Leinenweber*
Linda D. Friedman
Suzanne E. Bish
George S. Robot
Stowell & Friedman, Ltd.
303 W. Madison St., Suite 2600
Chicago, IL 60606
(312) 431-0888
lfriedman@sfltd.com
sbish@sfltd.com
grobot@sfltd.com

Benjamin L. Crump (pro hac vice)
Nabeha Shaer (pro hac vice)
Sue-Ann Nicole Robinson (pro hac vice)
Ben Crump Law, PLLC
122 S. Calhoun St.
Tallahassee, FL 32301
(800) 713-1222
court@bencrump.com

Justin L. Leinenweber
Justin L. Leinenweber, PC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 857-3405
justin@ilesq.com

*Attorneys for Plaintiffs and
the Putative Class*

6